## SHELLY v. SMITH ET AL.

1. **Execution:** EXEMPTION: MONEY DUE FROM BOARDERS. The money due from boarders for board to a boarding-house keeper who rents a house for such business, furnishes for the use of the boarders the proper chambers, kitchen, dining-room and other furniture, buys materials for food and has them cooked, employs servants for cooking, waiting upon the table, taking care of the chambers and other purposes, and pays such servants therefor; who assists in and oversees the work about the house, and charges the boarders a stated sum per month, in a lump, for the entire board and lodging thus furnished, is *not* exempt from execution as earnings for personal services, under section 3074 of the Code.

*Appeal from Lee Circuit Court.*

THURSDAY, OCTOBER 5.

THIS is a proceeding of garnishment upon execution from a justice's court. D. B. and Marianda Smith intervened and claimed that the amounts garnished were exempt as personal earnings within ninety days. The justice rendered judgment in favor of plaintiff against the garnishees. Upon appeal the Circuit Court held that the garnished funds were exempt. The plaintiff appeals. The facts are stated in the opinion.

*Anderson Bros.* and *Davis*, for appellant.

*D. N. Sprague*, for appellees.

DAY, J.—The cause was tried to the court, and the facts were found as follows:

"1. Plaintiff recovered a judgment against defendants, about the 27th of September, 1881, for the sum of $100 and costs, on which execution issued about the 27th of October, 1881, and Howard Tucker, George Rix and Frank Warren were garnished, and upon answer by Warren that he owed defendant for board, September, 1881, $20; October, 1881, $20; and by Tucker that he owed for October, $54; and by Rix that he owed for October, $40; a judgment was rendered against the garnishees.

"2. That D. B. Smith is the husband of Marianda Smith and the head of a family.

"3. That Marianda Smith keeps a private boarding-house, and had twelve boarders at the time said three above named boarders were garnished, who paid her at that time in the aggregate $244, per month.

"4. That she had no capital in the begining, but borrowed $25, and used her ordinary household and kitchen furniture in the business.

"5. That she devoted her time to the business, and her daughter assisted her, and besides she employs a cook, a chamber-maid, a waiter and a boy.

"6. That all the money due from the boarders, other than those garnished, has been collected and paid out for supplies purchased on credit.

"7. That the services of Marianda Smith are worth $100 per month in said business, and that of her daughter $30 per month, and that they both devoted their time and services during the time the money garnished was earned, and are both members of the family of D. B. Smith. The money due plaintiff is not for supplies."

The court found as a matter of law that the fund garnished

.was exempt from execution, for that it was the personal earnings of defendant and his family for work, labor and services performed within ninety days immediately preceding the garnishment. The judge certified that the case involves the determination of a question of law upon which it is desirable to have the opinion of this court, as follows: "Whether the money due from boarders for board to a boarding-house keeper, who rents a house for such business, furnishes for the use of the boarders the proper chamber, kitchen, dining-room and other furniture, buys materials for food and has them cooked, employs servants for cooking, waiting upon the table, taking care of the chambers, and other purposes, and pays such servants therefor; who assist in and oversees the work about the house, and charges the boarders a stated sum per month, in a lump, for the entire board and lodging thus furnished, is exempt from execution as earnings for personal services under section 3074 of the Code of 1873."

Section 3074, of the Code is as follows:

"The earnings of said debtor for his personal services, or those of his family at any time within ninety days next preceding the levy are also exempt from execution and attachment."

The object of this statute, we think, is to exempt the earnings for personal service, as contradistinguished from the income arising from a business involving other elements of gain than the mere personal services of those conducting it. It is evident that the business of keeping a boarding-house involves many elements of profit, aside from the mere personal earnings of the proprietor and of his family. It involves compensation for the use of the premises, including their value and location, the profits upon the raw material employed, and the general character of the establishment. If the proprietor of such a boarding-house could hold his personal earnings and those of his family exempt from execution whilst employed about the general business, no reason can be assigned why the proprietor of a hotel, or a bank, or

of a mercantile establishment may not do the same. In all such employments, as well as in many others which might be named, the gross income may be made up very largely of the personal earnings of the proprietor, and the members of his family. To apply the exemption of the statute to such cases, would, we think, extend its application entirely beyond what was intended by the legislature.

The appellee relies upon *Brown v. Hebard*, 20 Wis., 326; and *Banks v. Rodenback*, 54 Iowa, 695. Neither of these cases go far enough to exempt the fund in controversy in this case. The cases of *Hubner v. Chave*, 5 Penn. St., 115, and *Smith v. Brooks*, 49 Id., 147, have some bearing upon this question.

The court erred in holding the fund in question exempt.
REVERSED.