IN THE MATTER OF THE APPLICATION OF HENRY VAN GIESEN, BERTHA A. ROONEY (WIDOW), FLORENCE VAN GIESEN, BERNICE CLARK WEIGHT, HARRY A. WEIGHT, ERNEST C. HEINE, HATTIE HEINE, M. MIURA, A. UEDA AND S. OGATA FOR A WRIT OF PROHIBITION AGAINST HONORABLE WILLIAM C. ACHI, JR., JUDGE OF THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, TERRITORY OF HAWAII, AND SAMUEL KELIINOI.

No. 1280.

ORIGINAL.

ARGUED JULY 2, 1920.                    DECIDED JULY 10, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

OPINION OF THE COURT BY COKE, C. J.

This is an original proceeding commenced in this court by petition for a writ of prohibition to restrain the respondents from enforcing or attempting to enforce a temporary injunction issued out of the circuit court of the fifth circuit by the judge of said court on the application of the respondent Keliinoi which enjoined the petitioners herein from nullifying certain contracts existing between Keliinoi and the petitioners herein for the cultivation of cane on the homestead lots of said petitioners at Kapaa on the Island of Kauai. The contracts in question are of like tenor and read as follows:

"This agreement made and entered into this 13th day of November, A. D. 1918, by and between . . . . . . . . . . . of Kapaa, County of Kauai, Territory of Hawaii, party of the first part, hereinafter called the Employer, and

Samuel Keliinoi, of Waimea, said County of Kauai, party of the second part, hereinafter called the Employee; Witnesseth:

That in consideration of the covenants, terms and premises hereinafter set forth from either party to the other moving, the said employer does hereby agree to have the said employee plant, cultivate, bring to maturity and harvest sugar cane on Lots Nos. ... and ..., Kapaa Homesteads, Series Four, Kawaihau, County of Kauai, Territory of Hawaii, and more particularly described in Special Homestead Agreement No. ...., for three (3) consecutive crops of fully matured sugar cane from date hereof, provided the approval of the Commissioner of Public Lands and of the Governor of Hawaii are first hereto attached.

The said employer further agrees to pay to the said employee for the labor on said lots as above mentioned seventy-five per centum (75%) of the net proceeds, i. e. after all expenses incurred in the planting, care, cultivation, harvesting, etc., from the sale of the first crop; and fifty-five per centum (55%) for each of the succeeding two crops. The division thereof shall be made within three (3) months from the date of the sale of the crop. The said parties herein hereby agree that the tonnage as credited to the said employer by the purchaser of said sugar cane shall be the basis of settlement.

The said employee hereby covenants and agrees, in consideration of the above, to at once commence working the aforesaid lots, and to care for and cultivate the said land, and to keep the same in husbandlike manner at all times henceforth until the termination of this agreement, and to do the same to the entire satisfaction of the said employer; and that all work, labor and services to be performed by the said employee under this agreement shall be subject to the supervision and shall be done to the entire satisfaction of the said employer in all cases.

The said employee further agrees that he shall furnish all necessary implements and material that in the judgment of the said employer may be required in the carrying out of the conditions of this agreement.

The said employee further agrees that he will not transfer his interest under this agreement or any portion thereof to another without first obtaining the written consent of the said employer in default of which, and furthermore in default of any or all of the conditions heretofore stipulated, the said employer may at .... option terminate this agreement after making settlement with the said employee for the work or services to date rendered within the meaning of this agreement contained.

In Witness Whereof the said parties hereto have set their hands and seals the day and year first above written."

The petitioners were endeavoring to effect a forfeiture of the contracts and Keliinoi filed in the circuit court of the fifth circuit a bill in which among other things he sought to temporarily restrain the petitioners from terminating or attempting to terminate the contracts. The temporary injunction was issued by the court and it is to prevent the enforcement thereof that these petitioners have sued out this writ of prohibition. The judge of the court below demurred to the writ while the respondent Keliinoi has interposed an answer. Counsel for the petitioners has conceded in his oral argument before us, and we think properly so, that his clients are entitled to the relief now sought, if at all, solely because the contracts between the petitioners and Keliinoi are for personal labor and service and for that reason come within the interdiction of section 10 of the Organic Act (R. L. 1915 p. 28) which reads: "Provided that no suit or proceedings shall be maintained for the specific performance of any contract heretofore or hereafter entered into for personal labor or service, nor shall any remedy exist or be enforced for breach of any such contract, except in a civil suit or proceeding instituted solely to recover damages for such breach."

The contracts speak for themselves. Under them Ke-

liinoi is entitled to the possession of the property and enjoys the control and management of the enterprises limited only by the right of the petitioners to require that he cultivate and care for the crops in a husband-like manner. The elements of a contract for personal labor or service are entirely lacking in the agreements between the parties hence the provisions of section 10 of the Organic Act have no application. See *Heebner* v. *Chave,* 5 Pa. St. 115; *Shelly* v. *Smith,* 59 Ia. 453; *Smith* v. *Brooke,* 49 Pa. St. 147.

The writ is discharged.

*W. B. Pittman* (*Andrews, Pittman & O'Brien* on the brief) for petitioners.

*W. C. Achi Sr.* for respondent Achi.

*L. A. Dickey* for respondent Keliinoi.