Banks v. Rodenbach.

BANKS v. RODENBACH ET AL.

1. **Exemption:** PERSONAL EARNINGS: SUBCONTRACTOR. Where the plaintiff, as subcontractor, agreed to furnish the materials and labor for a certain improvement for a stipulated sum, the materials, however, to be paid for by the principal contractor, and the amount credited upon the contract, it was held that the remainder, after such materials were paid for, was exempt from execution or counter-claim as the personal earnings of the plaintiff, he being the head of a family, and the work having been performed by him personally within ninety days next preceding the commencement of the action.

*Appeal from Dallas Circuit Court.*

SATURDAY, OCTOBER 23.

ACTION to recover for work and labor performed by plaintiff for defendant Rodenbach. The action was commenced before a justice of the peace, and a judgment was rendered for the plaintiff. The defendants appealed to the Circuit Court, where a trial was had which also resulted in a judgment for the plaintiff. Defendants appeal.

*White & Woodin,* for appellants.

*A. R. Smalley,* for appellee.

ROTHROCK, J.—The cause was submitted to the court below upon the pleadings and the following agreed facts:

**1. EXEMPTION: personal earnings: subcontractor.** "1. That defendant Rodenbach made a contract to erect a dwelling-house, and furnish material therefor, for a certain agreed price.

"2. That thereafter defendant Rodenbach entered into a verbal contract with plaintiff, in which it was agreed that plaintiff should do the mason work upon said building, and buy, select and furnish the material therefor, for the sum of $184.50, which sum was to pay for both material and work; that defendants were to furnish the money with which to buy said material as fast as necessary for the prosecution of said work.

"3. That plaintiff entered upon and completed said work in compliance with said contract, and that defendants paid for all of said material to the parties furnishing the same upon the order of the plaintiff, and received credit therefor from plaintiff upon said contract.

"4. That plaintiff is a resident of Iowa, the head of a family, and that said job was completed within 90 days next preceding the commencement of this action, and that there is due the plaintiff upon said contract $56.56, with interest at 6 per cent from the rendition of judgment below in this action.

"5. That defendant seeks to introduce, as a set-off or cross-demand, a promissory note executed by plaintiff to one Roland and purchased by defendant Houghton, and by him assigned to defendant Rodenbach.

"6. That plaintiff had no knowledge of the purchase of said note by defendant until after the completion of said work, and that there was never any agreement between the parties hereto that said note would be received as part pay for said work, or the contract price for the completion of said job."

The single question which we are required to determine

from the foregoing facts is whether the plaintiff's demand is exempt from execution or set-off in an action for its recovery.

Sec. 3074 of the Code provides that "the earnings of such debtor, or those of his family, at any time within ninety days next preceding the levy, are also exempt from execution and attachment."

Of course, if such earnings are exempt from execution or attachment, an employer cannot purchase claims against the laborer and set them off against his earnings. This seems to be conceded by counsel for appellant. It does not affirmatively appear from the foregoing facts that the plaintiff did the mason work himself. It is averred, however, in the reply, that the cause of action is founded on a debt for the personal earnings of the plaintiff for the labor performed, and it does not appear that he hired others to assist him, and we do not understand counsel to claim that such was the fact.

It is claimed, however, that plaintiff's demand is not exempt because he was a subcontractor, and that his contract required not only labor, but also the aid of capital, and that where the laborer uses capital to augment his earnings there can be no exemption. But we think the agreed facts do not show that plaintiff was required to furnish any capital or money for the purchase of materials. The "defendants were to furnish the money with which to buy said material as fast as necessary for the prosecution of said work," and the "defendants paid for all of said materials to the parties furnishing the same upon the order of the plaintiff, and received credit therefor from plaintiff upon said contract."

There was, therefore, no capital nor money employed by plaintiff in the undertaking. When the defendants complied with their contract by paying for the materials as they were purchased, there was nothing left of plaintiff's claim but what was due him for his personal services. Whether a contractor who furnishes materials on his own account, and not

on account of his employer, may separate the claim, and hold exempt the proceeds of his labor, we need not determine, because the question does not arise in this case.

AFFIRMED.