ENOS SMITH v. R. McMILLAN, Sheriff.

*Execution—Duty of Sheriff—Amercement.*

To facilitate the collection of money under execution, a sheriff is authorized by section 265 of the Code, to receive from debtors to the defendant in the execution in his hands the debts due him, but he is not thereby invested with the power to apply the proceeds of one execution in satisfaction of another. (This section construed in connection with the constitutional provision in reference to exemptions, and with section 15, chapter 106 of Battle's Revisal prescribing a penalty against a sheriff for neglecting to make due return of process.)

(*Curlee* v. *Thomas*, 74 N. C., 51; *Bryan* v. *Hubbs*, 69 N. C., 423, cited and approved.).

MOTION to amerce a sheriff heard at Spring Term, 1880, of ROBESON Superior Court, before *Eure, J.*

This was a motion to amerce the defendant as sheriff of Robeson county for not making due return of an execution.

The facts as found by His Honor are as follows: At spring term, 1878, of said court Enos Smith, the plaintiff in the case obtained a judgment against Benjamin Godwin for the sum of $97.68 and execution was duly issued upon said judgment and placed in the hands of the defendant. On the 24th of April, 1878, J. L. Inman obtained a judg-

ment against the plaintiff, Enos Smith, for the sum of $257 and costs, and on the 8th of June, 1878, execution was issued on this last judgment and placed in the hands of the defendant as sheriff. On the same day Benjamin Godwin, the defendant in the Smith execution paid to the said McMillan as sheriff the sum of $109.52, and the said sheriff entered his return on the execution of Inman against Smith as follows: "Received of B. Godwin the sum of $109.52 in part payment of this execution, the 8th of June, 1878.

(Signed,)　R. McMILLAN, Sheriff."

And McMillan gave Benjamin Godwin a receipt for the said amount. On the same day, (8th of June, 1878,) the said McMillan endorsed on the execution in favor of the plaintiff, Smith, against Benjamin Godwin as follows: "Satisfied by receiving from B. Godwin a receipt for the sum of $109.52, the amount paid by the said Godwin to me on the 8th day of June, 1878, in favor of J. L. Inman and against Enos Smith, the plaintiff, in this execution for the sum of $250 and interest on $171.95 from April 24th, 1878, until paid and $2.65 costs, June 8th, 1878."

(Signed,)　R. McMILLAN, Sheriff.

Both of the executions were returned by R. McMillan to the fall term, 1878, of the superior court of said county with the foregoing returns thereon. Smith was not notified by the sheriff that he had the execution against him until after the return was entered on the execution against him. Smith did not own at the time $500 worth of personal property, and that fact was known to McMillan. At fall term, 1878, a motion was made in behalf of plaintiff to amerce McMillan as sheriff in the sum of $100, *nisi*, for failure to make due return on the execution of Smith against Godwin. Upon notice to the said McMillan the judgment *nisi* was made absolute at spring term, 1880, of said court, for the sum of $100 and costs, from which judgment the defendant, McMillan, appealed.

SMITH v. McMILLAN.

*Messrs. McNeill & McNeill* and *Rowland & McLean,* for plaintiff.

*Messrs. W. F. French* and *W. Clark,* for defendant.

ASHE, J. The only question presented on this appeal for our determination is, whether the defendant, McMillan, has made due return of the execution in favor of the plaintiff, Enos Smith, against Benjamin Godwin. The defendant insists that he is not liable to the amercement, because his return is in strict compliance with the provisions of section 265, chapter 17 of Battle's Revisal. We do not think that act was intended to apply to cases where the sheriff has, for instance, two executions in his hands, as in this case—the one against a defendant and another in favor of that defendant against the plaintiff in the first or another. The act no doubt was intended to facilitate the collection of executions, by authorizing sheriffs to receive from debtors to the defendant in an execution in his hands the debts due to him but not to invest him with the jurisdiction of applying the proceeds of one execution in his hands to the satisfaction of another. Such a construction would give him, a mere ministerial officer, powers which the courts have held they have no right to exercise under the constitution. *Curlee* v. *Thomas,* 74 N. C., 51. There, Curlee obtained a judgment against Thomas and Thomas against Curlee, and in the superior court of Union county where both judgments were docketed, a motion was made to apply the judgment held by Curlee against Thomas in satisfaction *pro tanto* of the judgment held by the defendant against the plaintiff, and the motion was allowed by the court, and judgment given accordingly; but on appeal to this court, the judgment below was reversed upon the ground that the defendant's personal property exemption protected her judgment against the plaintiff from any such proceeding, as it was, in the

sense of article ten, section one of the constitution, final process.

It is not to be presumed the legislature intended by this act to give sheriffs greater powers in this respect, than to the courts of justice. The intention of the legislature may be found in the act itself, and from other acts *in pari materia*. Potter's Dwarris on Statutes. All statutes *in pari materia* are to be read and construed together, as if they formed parts of the same statute and were enacted at the same time. *Ib*. And in the construction of a statute every part of it must be viewed in connection with the whole, so as to make all its parts harmonize if practicable and give a sensible and intelligent effect to each. *Ib*.

Applying these rules to the act in question we must construe it in connection with section one, article ten of the constitution which secures to every resident of the state five hundred dollars worth of personal property exempt from sale under execution or other final process, and with section 15, chapter 106 of Battle's Revisal which makes it the duty of every sheriff to execute all writs and other process to him legally directed, and make due return thereof, under the penalty of forfeiting one hundred dollars for each neglect, &c. To give the act the construction contended for by the defendant, instead of producing harmony and consistency between these constitutional and legislative provisions, would give rise to irreconcilable conflicts, and invest sheriffs in cases like this with the power of depriving at pleasure any defendant of this constitutional right to exemptions, and at the same time give a protection to them in their neglect to discharge their official duties which the law enjoins upon them, in regard to the execution of final process. We cannot believe such a construction was intended by the legislature.

A sheriff is a ministerial officer, and when a writ from a court of competent jurisdiction is placed in his hands, he is

bound to execute it, according to its exigency without inquiring into the regularity of the proceedings upon which it is founded. Freeman on Executions, § 146. And in *Bryan* v. *Hubbs*, 69 N. C., 423, it is held, a sheriff is bound to obey every process, not void, which comes to his hand as far as he lawfully can. He is therefore bound to return such process with a statement of his action under it, and if he has not completely obeyed it, with a lawful reason for his omission.

It was the duty of the defendant in this case to make the money on the execution in favor of the plaintiff or assign some lawful excuse for the failure to do so. He has not done this and has thereby incurred the penalty prescribed by law for the neglect of his duty.

There is no error; the judgment of the court below must be affirmed.

No error.                                                    Affirmed.