COLLIER *v.* MURPHY.

(*Jackson.* June 4, 1891.)

1. EXEMPTIONS. *Of laborer's wages. Set-off.*

Laborer's wages to the amount of thirty dollars is exempt, under the statute, not only from seizure by execution, attachment, or garnishment for his debts, but likewise from subjection thereto by way of set-off, where the wages and the debt offered as set-off, though constituting mutual demands, arose, not out of the same, but out of distinct and independent transactions.

Code construed: §3628 (M. & V.); §2918 (T. & S.).

Act construed: Acts 1871, Ch. 71 (Code, §2931 (M. & V.).

Case cited and approved: Duff *v.* Wells, 7 Heis., 17. (See Railway Company *v.* Kennedy, *ante, p. 185,* where set-off is allowed, the wages and debt arising out of same transaction.)

2. SAME. *Statutes creating liberally construed.*

Doctrine re-affirmed that statutes creating exemptions from execution should be liberally construed in favor of the debtor class.

FROM MADISON.

Appeal in error from Circuit Court of Madison County. LEVI S. WOODS, J.

J. M. TROUTT for Collier.

CARUTHERS & MALLORY for Murphy.

Collier *v.* Murphy.

LURTON, J. Plaintiff in error brought suit for wages due him as a laborer, the amount claimed being less than thirty dollars. Defendant, after this debt was created, but before suit, took an assignment of a judgment in favor of N. P. McChesney, and against the plaintiff, Collier, and relied upon same as a set-off under § 3628, Code (M. & V.). Plaintiff insisted that, under the Act of 1871 (inserted as § 3931, Code of M. & V.), the wages due him were exempt from execution, attachment, or garnishment, and that his debt was not therefore subject to be set off by a claim in no way springing out of his contract relation with defendant. This objection was overruled, and defendant allowed to rely upon the McChesney judgment as a set-off against the wages due to plaintiff. This ruling was based upon § 3628 of the Code, which provides: "The defendant may plead by way of set-off or cross-action: (1) Mutual demands held by the defendant against the plaintiff at the time of action brought, and matured when offered in set-off."

This provision must, however, be construed with reference to the Act of 1871, whereby thirty dollars of the wages of every mechanic and laborer is exempted from "execution, attachment, or garnishment." Exemption statutes are entitled to a liberal construction. The manifest purpose of the Legislature was to exempt this amount of wages from any kind of coercive process of the law. If such a demand cannot be reached by attachment or ex-

ecution or garnishment, is it a claim subject to be set off by a claim or demand in no way springing out of the contract under which the wages were earned? We think the exemption laws cannot be defeated by such a construction of the statute concerning set-offs. The case is much like that of *Duff* v. *Wells*, 7 Heis., 17.

While the language used in the Act of 1871, strictly construed, would protect such wages only from "execution, attachment, or garnishment," yet the whole spirit of the Act is such that we think this claim was not subject to any manner of legal seizure. "Seizure" is a word often used in our exemption laws, and this word has been used by the editors of the last revision of our Code as fairly construing the force and meaning of this exemption of wages. While we must look to the original Act when any doubt arises as to the correctness of this revisal, yet the word as used by the revisors expresses very fully what we take to be included within the meaning of the Act of 1871. To subject this claim for wages to a set-off of the kind here offered, was to subject exempted wages to a species of legal seizure not admissible.

Let judgment be rendered here for the amount of the judgment below, and the amount of the judgment improperly allowed to be set-off and costs of appeal.