## BRADLEY v. EARLE.

(— L.R.A.(N.S.) —, 132 N. W. 660.)

**Exemptions — liberal construction of statute.**

1. Exemption privileges allowed by statute are to be liberally construed, and a debtor should not be deprived thereof through a technical following of statutes pertaining to pleading.

Note.—For notes on the liberal construction of statutes allowing exemptions, see 45 Am. Dec. 252; 76 Am. Dec. 224.

As to set-off against claim for exemption, see notes in 19 L.R.A. 33, and 66 Am. St. Rep. 385.

**Action for exempt wages — counterclaim.**

2. Where a plaintiff brings an action for wages due from the defendant, and such wages are exempt to the plaintiff, the defendant cannot counterclaim a debt due from the plaintiff to him, although the counterclaim comes within the letter of the statute.

Opinion filed September 13, 1911.   Rehearing denied October 10, 1911.

Appeal from District court, Towner county; *Cowan, J.*

Action by John Bradley against D. Earle.   Judgment for defendant, and plaintiff appeals.

Reversed and remanded.

*John E. Middaugh, Jr.,* and *Burke, Middaugh, & Cuthbert,* for appellant.

*F. E. Harris,* for respondent.

MORGAN, Ch. J.   The plaintiff brought an action in the justice court to recover the sum of $117.17 for labor performed at defendant's request.   The defendant in his answer admits that such labor was performed, and that the same is not paid for, but pleads a counterclaim in his favor arising out of the purchase by him, before the commencement of this action, of a promissory note made and executed by plaintiff to one McIlrath for the sum of $194, on which there is now due more than sufficient to satisfy the plaintiff's claim.   Demand is made for judgment against the plaintiff for the sum of $6, besides the costs of this action.

Plaintiff filed a reply, in which he sets forth that the McIlrath note was purchased after its maturity, and that McIlrath was indebted to him in a sum far in excess of the amount of the note.   In his reply, he further alleges that the debt due him for labor and the debt due from McIlrath are exempt by law from seizure or sale on execution or attachment; and in the reply he further sets forth a schedule of all his property, which shows that the debt due from the defendant is exempt from seizure or sale under process.

The district court, on motion, struck out the allegations of the reply, setting forth the schedule of plaintiff's property, and the claim of exemption, and rendered judgment in defendant's favor for the sum of $4.   The appeal is from the judgment.   Plaintiff insists that it was error to strike out these allegations from the reply, and this is the only specification of error necessary to consider.

The appeal presents a question of the construction to be given the statute allowing counterclaims to be pleaded, and the statute allowing exemptions to debtors. The counterclaim statute is as follows:

Section 6859, Rev. Codes 1905:

"The answer of the defendant must contain: . . .

"2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition."

Section 6860:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: . . .

"2. In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they are such as have been heretofore denominated legal or equitable or both."

The exemption statute is as follows: Section 7115: "Except as hereinafter provided, the property mentioned in this chapter is exempt to the head of a family, as defined by chapter 41 of the Civil Code, from attachment or mesne process, and from levy and sale upon execution, and from any other final process issued from any court."

Section 7116 specifies what the absolute exemptions shall be.

Section 7117 is as folows: "In addition to the property mentioned in the preceding section, the head of the family may, by himself or his agent, select from all other of his personal property not absolutely exempt, goods, chattels, merchandise, money, or other personal property not to exceed in the aggregate $1,000 in value, which is also exempt and must be chosen and appraised as hereinafter provided."

The respondent contends that the counterclaim statute should be literally construed, and full effect be given to its terms without regard to its effect upon the right to exemptions. The appellant contends for a liberal construction of the counterclaim statute, and that it should not be construed so as to deprive a debtor of his exempt property.

It is beyond dispute that if the counterclaim statute be given full effect, the plaintiff would be deprived of his exempt property as effectually as though taken by execution or attachment. In view of the well-

established principle in this and other states that exemption privileges allowed by the statute are to be literally construed, we are satisfied that the contention of the appellant should be sustained. To permit the plaintiff's exemptions to be wrested from him by giving a technical construction to the counterclaim statute, in disregard of the exemption statute, would render its declarations wholly without effect, which we do not think was the legislative intent. Such a construction would result in wholly depriving a debtor of the benefit of the exemption statutes in many cases. If so construed, the principle of liberal construction would be set at naught.

Many courts, under similar enactments, have given effect to exemption statutes, regardless of the fact that the counterclaim and set-off statutes contain no exceptions or qualifying words. In Cleveland v. McCanna, 7 N. D. 455, 41 L.R.A. 852, 66 Am. St. Rep. 670, 75 N. W. 908, this court sustained a claim for exemptions, although contrary to the strict letter of the set-off statute, and said: "It is true that the procedure under our exemption statute refers more particularly to seizures under attachments and executions, but that is because it is by means of those writs that property is usually seized. But it would be an exceedingly narrow view of the law that would deny exemptions, where it was sought to take property by other means. This court is unqualifiedly committed to a liberal construction of exemption statutes."

In Collier v. Murphy, 90 Tenn. 300, 25 Am. St. Rep. 698, 16 S. W. 465, an action for wages, where the defendant purchased a judgment against the plaintiff and pleaded it as a set-off against the plaintiff's claim, the court said: "While the language used in the act of 1871 [Milligen & V. Code, § 2931], strictly construed, would protect such wages only from 'execution, attachment, or garnishment,' yet the whole spirit of the act is such that we think this claim was not subject to any manner of legal seizure. . . . To subject this claim for wages to a set-off of the kind here offered was to subject exempted wages to a species of legal seizure not admissible."

In Millington v. Laurer, 89 Iowa, 322, 48 Am. St. Rep. 385, 56 N. W. 533, an action for the value of services in painting two pictures of the defendant by one Merrill, the claim therefor having been assigned to the plaintiff, defendant pleading a judgment which had been assigned

to him, the court said: "It will be noticed that the interpretation given to the statute is not in all cases the one which a literal following of its provisions would seem to require, but force and effect are sought to be given to the obvious legislative intent. It is clear that the money due to Merrill could not have been appropriated under an execution or attachment issued against his property. This is conceded, and is according to the letter of the statute. But the primary object of the statute is not merely to protect the earnings of the debtor from seizure by means of the processes technically known as 'attachment' and 'execution,' but to preserve them, for the benefit of his family, against any appropriation for the payment of his debts not authorized by law, to which he does not consent. It was said, in Banks v. Rodenbach, 54 Iowa, 695, 7 N. W. 152, that an employer cannot purchase claims against a laborer and set them off against his earnings." See also Wm. Deering & Co. v. Ruffner, 32 Neb. 845, 29 Am. St. Rep. 473, 49 N. W. 771; Below v. Robbins, 76 Wis. 600, 8 L.R.A. 467, 20 Am. St. Rep. 89, 45 N. W. 416; Wilson v. McElroy, 32 Pa. 82; Thompson, Homestead & Exemption, § 5, chap. 26; 18 Cyc. p. 1463, and cases cited.

We have carefully considered the opinions in Caldwell v. Ryan, 210 Mo. 17, 16 L.R.A. (N.S.) 494, 124 Am. St. Rep. 717, 108 S. W. 533, 14 Ann. Cas. 314, and Lynn v. Cotton Mills, 130 N. C. 621, 41 S. E. 877, holding contrary to our decision herein, but we are satisfied that they are not in accord with the weight of authority or the better reason.

The judgment is reversed, and the cause is remanded for further proceedings. All concur.