## J. M. EDGERTON v. R. D. JOHNSON.

(Filed 16 October, 1940.)

1. **Judgments § 45: Homestead and Personal Property Exemptions § 12— Judgment creditor is entitled to claim judgment as his personal property exemption so as to defeat right to set-off.**

    Plaintiff moved that the judgment rendered against him in this cause on defendant's counterclaim should be offset by a judgment subsequently obtained by plaintiff against defendant in a separate action, contending that defendant is insolvent. Defendant demanded that the judgment rendered in his favor upon the counterclaim in this cause be allowed to him as his personal property exemption. *Held:* To allow offset would amount to "final process" within the meaning of Article X, sec. 1, of the State Constitution, and defendant's demand that the judgment in his favor on the counterclaim be allowed him as his personal property exemption precludes plaintiff's right of offset.

2. **Same—**

    A party may not demand that his claim be allowed him as his personal property exemption so as to defeat the adverse party's right of counterclaim or set-off prior to the rendition of the final judgment on his claim, since to permit the party to assert the exemption before judgment would enable him to obtain judgment in instances in which, if a balance were struck, nothing would be due him.

APPEAL by plaintiff from *Thompson, J.,* at June Term, 1940, of WAYNE.

Motion to offset defendant's judgment with judgment subsequently obtained by plaintiff, and for restraint of execution until the rights of the parties can be determined.

The defendant holds a judgment against the plaintiff in this cause for $385.00 which was recovered on a counterclaim for breach of warranty at the October Term, 1939, Wayne Superior Court, and affirmed on appeal. *Edgerton v. Johnson,* 217 N. C., 314, 7 S. E. (2d), 535. Judgment on the certificate was entered in the Superior Court at the April Term, 1940.

The plaintiff holds a judgment against the defendant for $316.47 which he recovered in an action on a promissory note on 9 May, 1940, in the county court of Wayne County.

Plaintiff alleges that the defendant is insolvent, and, for this reason, prays for a cancellation, *pro tanto,* of the defendant's judgment to the amount of the judgment held by plaintiff against the defendant as the only practical means of fairly adjusting their differences.

The defendant admits that the plaintiff obtained a judgment in the county court of Wayne County, as he alleges, but avers that an appeal was taken therefrom to the Superior Court of Wayne (presumably now pending).

The defendant further demands that the judgment rendered herein be allotted to him as his personal property exemption which he claims under the Constitution.

The court being of opinion that the defendant was entitled to have his judgment exempted from sale under execution, dismissed the motion. From this ruling the plaintiff appeals, assigning error.

*Royall, Gosney & Smith and James Glenn for plaintiff, appellant.*
*Abell & Shepard for defendant, appellee.*

STACY, C. J.  The procedure here adopted finds support in the case of *Hogan v. Kirkland,* 64 N. C., 250.  There a similar motion was made and allowed in the absence of a claim of exemption from sale under execution, such as the defendant is making here.  This is the only essential difference between the two cases.  It was intimated in the *Hogan case, supra,* however, that this difference might be vital.  And so it is, because the motion has the same effect as an execution.  It amounts to "final process" within the meaning of Art. X, sec. 1, of the Constitution, which provides that the personal property of any resident of this State, to the value of $500, to be selected by such resident, "shall be and is hereby exempted from sale under execution or other final process of any court, issued for the collection of any debt." *Curlee v. Thomas,* 74 N. C., 51; *Smith v. McMillan,* 84 N. C., 593.

Epitomizing the decisions on the subject, it is said in McIntosh on Procedure, page 876: "Where the plaintiff recovers a judgment against the defendant, and the defendant later recovers a judgment against the plaintiff in a different action, each has the right to have his judgment considered in determining his personal property exemption, and the court cannot direct that one judgment be set off against the other as a satisfaction, where the party claims his exemption."

It will be observed that the exemption is not available before judgment, so as to destroy the right of counterclaim or set-off. *McClenahan v. Cotten*, 83 N. C., 333. Otherwise, one could recover judgment when, on a balance struck, nothing would be due him. The exemption can only be claimed by the defendant in an execution. *Lynn v. Cotton Mills,* 130 N. C., 621, 41 S. E., 877.

The plaintiff asserts that the weight of authority favors the set-off as between the judgments, and that the conclusion here reached is in conflict with the equities of the case. Annotation: 121 A. L. R., 478. The opinions cited are from states which have no constitutional provision such as ours. In 25 C. J., 128, it is said: "According to the weight of authority a set-off cannot be allowed where it would defeat a debtor's exemption rights." And in 34 C. J., 707, the author appends the following footnote: "Two judgments held by adverse parties do not necessarily extinguish each other to the extent of the smaller, if one may be claimed as a personal property exemption; where it cannot be reached by attachment, execution or garnishment, it cannot be reached by set-off." See Annotations: 20 A. L. R., 276; 106 A. L. R., 1070; and 121 A. L. R., at page 501.

The defendant is within his constitutional rights in claiming the exemption. "It is confirmed by the Constitution and is inviolable." *Duvall v. Robbins,* 71 N. C., 218.

Affirmed.