In re Ronald Terrance KLEIN, Debtor.

**USPLK EMPLOYEES FEDERAL CREDIT UNION, Appellant,**

v.

**Ronald Terrance KLEIN, Appellee.**

BAP No. 80–0004–DGK.
BK No. 77–23574.
Adv. No. 79–0011.

United States Bankruptcy Appellate Panels, Ninth Circuit.

Argued Aug. 14, 1980.
Decided Feb. 19, 1981.

Nida Brinkis, Torrance, Cal., for appellant.

Douglas D. Kappler, Lompoc, Cal., for appellee.

Before DAVIS, GEORGE and KATZ, United States Bankruptcy Judges.

## OPINION

DAVIS, Bankruptcy Judge.

This appeal arises from an order of the Bankruptcy Court requiring the appellant, USPLK Employees Federal Credit Union of Leavenworth, Kansas, [hereinafter referred to as USPLK], to return to the appellee-debtor, Ronald T. Klein, his retirement contribution refund. USPLK had deposited the refund check in Klein's account and had taken a set-off against the account for the unpaid balance on a loan made to Klein.

Klein received a loan for approximately $12,000.00 from USPLK, which in return took a security interest in personal property of the appellee. Klein executed a revocable power of attorney in favor of USPLK, authorizing it to endorse, receive, and collect checks drawn on the United States Treasury payable to Klein.

Klein was employed by the United States Bureau of Prisons in Leavenworth, Kansas, and had accrued approximately $12,142.98 in the Civil Service Retirement Fund. His employment with the Bureau of Prisons was terminated and Klein became entitled to a refund of his retirement contributions. After his employment was terminated, Klein moved to California and became a resident of that state.

Klein revoked the power of attorney he had granted to USPLK and notified the credit union by sending it a copy of a letter of revocation he had sent to the Federal Bureau of Retirement, Insurance and Occupational Health, subsequently, his retirement contribution refund draft, payable to both Klein and the credit union, was sent to USPLK. USPLK refused to give Klein the draft when he requested it to, stating that it was holding the draft in trust until Klein executed a new power of attorney.

On November 7, 1979, eight months after receiving the draft, USPLK deposited the check, without Klein's endorsement, in his credit union account. The following day, November 8, 1979, USPLK took a set-off against Klein's account for the unpaid portion of the loan. On November 9, 1979, Klein filed a petition in bankruptcy and a complaint to recover property from USPLK. The Bankruptcy Court granted judgment for the debtor.

This appeal presents three issues: whether the retirement refund deposited in Klein's account was exempt, whether the deposit and set-off transaction constituted a voidable preferential transfer, and finally, whether the Bankruptcy's Court's findings of fact were based on sufficient evidence and adequately supported the judgment.

■ The appellant asserts that since the property, the draft, was held physically in Kansas, the law of Kansas must be applied to determine whether the property was exempt under state law. This contention, however, is without merit since the debtor had been domiciled in California for more than 180 days on the date his petition for an order of relief was filed. Thus, the debtor was entitled to claim the exemptions established by California statute under 11 U.S.C. § 522(b)(2)(A) (1978).

■ Pursuant to California statute, Cal.Civ.Proc.Code § 690.18 (Deering Supp. 1980), Klein's retirement contribution refund was exempt from attachment and execution in both its draft form and after it had been deposited. Funds exempt under the statute remain exempt even after deposit and commingling with the depositary's other funds. Deposits derived from exempt funds are immune from set-off. *Kruger v. Wells Fargo Bank*, 11 Cal.3d 353, 367, 521 P.2d 441, 450, 113 Cal.Rptr. 449, 458 (1974).

■ The appellant argues that the California statutory exemption does not apply to negotiable instruments held as payment for an antecedent debt. The argument is misplaced since Klein had not given USPLK a security interest in the draft or its proceeds to secure payment of the prior loan. Nor did Klein, having revoked his power of attorney, assign his right to payment under the draft as satisfaction of the debt. Neither had USPLK acquired an involuntary lien on the right to payment under the draft or its proceeds upon negotiation. Thus, the credit union had no interest in nor any right to Klein's contribution refund.

USPLK did acquire an interest in the proceeds of the draft once it deposited the check in Klein's account. However, it then incurred a concurrent obligation to remit the amount deposited to Klein upon his demand.

■ The appellant also asserts that the California exemption did not apply to the retirement contribution refund because Klein never received the draft. This argument is without merit, Klein constructively

received the draft when it came into the credit union's possession, after which time USPLK held the draft in trust for him.

The deposit and set-off by USPLK constituted a voidable preferential transfer under 11 U.S.C. § 547 (1979). In determining whether there has been a voidable preference, a transfer is deemed effective if it has been perfected at or within 10 days of the initial transfer. Transfer of personal property is perfected when a creditor on a simple contract can no longer acquire a judicial lien superior to the interest of the perfecting creditor. The transfer of the debtor's property occurred when the credit union negotiated the draft and deposited the proceeds in his account on November 7, 1979. U.C.C. § 4–205(1). The transfer was perfected when USPLK took the set-off on November 8, 1979. *See In re Penn Central Transp. Co.*, 458 F.Supp. 1234, (E.D.P.1978) *modified*, 596 F.2d 1102 (3rd Cir. 1979). The set-off, which perfected the transfer occurred within 10 days of the transfer. Thus, the date on which the proceeds of Klein's refund draft were deposited is the date of the preferential transfer, that being November 7, 1979, two days before Klein's petition was filed. The transfer took place within the 90 day period of 11 U.S.C. § 547(b) (1979). USPLK offered no evidence to rebut the presumption, established by 11 U.S.C. § 547(f) (1979), that Klein was insolvent during the 90 day period preceding filing. Therefore, at the date of the preferential transfer the debtor was presumed insolvent. The deposit and set-off transaction, occurring within the 90 day period preceding filing of the bankruptcy petition when Klein was insolvent was a voidable transfer.

Finally, USPLK objects to several of the Bankruptcy Court's findings of fact and conclusions of law. The trial court's findings and conclusions were not clearly erroneous and do not constitute reversible error.

For the foregoing reasons, the decision of the court below is affirmed.