In re Harry T. HAFFNER and George Ann Haffner, Debtors.

COMMERCE UNION BANK, Plaintiff,

v.

Harry T. HAFFNER and George Ann Haffner, Defendants.

No. 380–01260.
Adv. No. 380–0462.

United States Bankruptcy Court,
M. D. Tennessee.

June 25, 1981.

William C. Agrabrite, Nashville, Tenn., for plaintiff.

B. Gail Reese, Darrell West, Nashville, Tenn., for defendants.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

This matter is before the court upon the summary judgment motions of the parties seeking a determination of whether the plaintiff bank is entitled to relief from the automatic stay of 11 U.S.C. § 362(a) for the purpose of asserting a right of setoff under 11 U.S.C. § 553. There is no factual dispute.

On March 17, 1978, Commerce Union Bank [hereinafter, the Bank] issued to the debtors a certificate of deposit in the amount of $9,000 with a maturity date of March 17, 1982. The debtors claimed the certificate as exempt property on Schedule B–4 of their bankruptcy petition. No objection to this exemption claim was filed within the time afforded by the court, and accordingly the certificate was deemed to have been exempted from the estate pursuant to 11 U.S.C. § 522(b).

The debtors' obligation to the Bank is evidenced by a promissory note dated May 15, 1979, in the principal sum of $167,138.53. This note is secured by a deed of trust on the debtors' residence. In addition to the Bank's deed of trust, there are two prior deeds of trust on this property. The parties have stipulated that the property's fair market value was less than the total amount of the indebtedness it secured and that the Bank's deficiency exceeded the amount that could be realized from a redemption of the certificate.

The Bank seeks to setoff against the deficiency its obligation to the debtors on the certificate of deposit.

The threshold issue to be resolved by the court is whether exempt property is subject to a creditor's right of setoff. Because of the United States Supreme Court's decision in *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), which held that bankruptcy courts had no jurisdiction over exempt property, there were no opinions by federal courts on this issue under the Bankruptcy Act of 1898. Under *Lockwood,* the enforcement of claims against exempt property were matters that were litigated in the state courts. 1A Collier, Bankruptcy ¶¶ 6.05[2], 6.12 (14th ed. 1978); *see also In re Morgan,* 6 B.R. 701, 702 (Bkrtcy.M.D.Tenn.1980). Although *Lockwood* has been overruled by the Reform Act, *see* S.Rep.No.95–989, 95th Cong., 2d Sess. 82 (1978) and H.R.Rep.No.95–595, 95th Cong., 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, and this court now has jurisdiction over exempt property, it must look to the state court decisions for guidance.

Most courts, in nonbankruptcy cases, held that a creditor's right of setoff may not be exercised against exempt property or against claims arising from such property. *E. g., Kruger v. Wells Fargo Bank,* 11 Cal.3d 352, 521 P.2d 441, 113 Cal.Rptr. 449 (1974); *Finance Acceptance Co. v. Breaux,* 160 Colo. 510, 419 P.2d 955 (1966); *Millington v. Laurer,* 89 Iowa 322, 56 N.W. 533 (1893); *Beattyville Co. v. Sizemore,* 203 Ky. 7, 261 S.W. 620 (1924); *Edgerton v. Johnson,* 218 N.C. 300, 10 S.E.2d 918 (1940); *Bradley v. Earle,* 22 N.D. 139, 132 N.W. 660 (1911); *First Nat'l Bank v. Funnell,* 144 Okl. 188, 290 P. 177 (1930); *Collier v. Murphy,* 90 Tenn. 300, 16 S.W. 465 (1891); *Atlantic Life Insurance Co. v. Ring,* 167 Va. 121, 187 S.E. 449 (1936); *Mason v. Green,* 226 S.W. 829 (Tex.Civ.App.1920); Annot., 106 A.L.R. 1070, 1071 (1937); *see Hodgson v. Lakewood Broadcasting Service, Inc.,* 330 F.Supp. 670, 672–73 (D.Colo.1971). *See also Williams v. Department of Public Welfare,* 43 N.J.Super. 473, 129 A.2d 56 (County Ct. 1957); *Byrd v. Pioneer-Jellico Coal Co.,* 180

Tenn. 396, 175 S.W.2d 542 (1943); *Gregg v. New Careyville Coal Co.,* 161 Tenn. 350, 31 S.W.2d 693 (1930). The rationale for the rule has been summarized as follows:

Exemption privileges allowed by statute are to be liberally construed, and a debtor should not be deprived thereof through a technical following of statutes pertaining to pleading. Upon this principle the courts, as a general rule, decline to allow a set-off against claims arising out of exempt property; and this is true notwithstanding the fact that there is no express provision protecting exempt property from the right of set-off. This interpretation given to the exemption statutes is not in all cases the one which a literal following of its provisions would seem to require, but force and effect are sought to be given to the obvious legislative intent, and the whole spirit of these acts is that of protecting the exempt property from all manner of coercive process of the law, and not merely the protection of the earnings of the debtor and other exempt property from seizure by means of the process technically known as attachment, execution, or garnishment, but to preserve them for the benefit of his family against any appropriation for the payment of his debts not authorized by law, to which he does not consent. To allow a set-off would in most cases result in a palpable evasion of the law.

Annot., 106 A.L.R. 1070, 1071 (1937) (citation omitted). The courts adhering to this view do not distinguish between the nature of the exempt property. *Compare Edgerton v. Johnson, supra* (judgment exempt under general personal-property exemption in state constitution), *with Kruger v. Wells Fargo Bank, supra* (unemployment and disability benefits); *Beattyville Co. v. Sizemore, supra* (workmen's compensation award); *First Nat'l Bank v. Funnell, supra* (proceeds from mutual benefit insurance policy); *and Collier v. Murphy, supra* (wages).

Nothing in the Bankruptcy Reform Act of 1978 or its legislative history suggests

that this majority view with respect to the exercise of setoff rights should not be applied to property exempted from the estate pursuant to 11 U.S.C. § 522(b). In a recent opinion the Ninth Circuit's Bankruptcy Appellate Panel, citing *Kruger v. Wells Fargo Bank, supra,* has held that "deposits derived from exempt funds are immune from setoff." *USPLK Employees Federal Credit Union v. Klein,* 10 B.R. 356, 358 (9th Cir. Bkrtcy.App.1981). Counsel for the Bank argues that §§ 522(h) and 522(i)(2) limit a debtor's exemption rights to those that may be asserted against property that the trustee does not attempt to recover under the trustee's various avoidance powers and under § 553. This argument is without merit. When read in conjunction with § 553(b), sections 522(h) and 522(i)(2) clearly apply only after a creditor has exercised its right of setoff on or within ninety days before the filing of the debtor's petition in bankruptcy. *See Duncan v. First Heritage Bank,* 10 B.R. 13 (Bkrtcy.E.D.Tenn.1980). Because there has been no prepetition exercise of setoff in this case, sections 522(h) and 522(i)(2) do not limit the debtors' exemption rights in the certificate of deposit. In any event, no objection to the exemption claim was timely filed.

Unlike the setoff provisions of the old Act, § 553 of the Reform Act is not an independent source of law authorizing setoff; it does not define but merely preserves the common-law right of setoff under applicable nonbankruptcy law. *See* Freeman, *Setoff under the New Bankruptcy Code: The Effect on Bankers,* 97 Banking L.J. 484, 488–89 (1980). Following the majority view under applicable nonbankruptcy law, the court concludes that a creditor may not exercise a right of setoff against property exempted from the estate pursuant to 11 U.S.C. § 522(b). Accordingly, the Bank is not entitled to set off its obligation on the certificate of deposit against the unpaid balance of the debtors' obligation to the Bank. The summary judgment motion of the debtors must be granted and that of the Bank denied.

An appropriate order will be entered.