**In re Robert J. CABRILLO, Shirley A. Cabrillo, Debtors.**

**Bankruptcy No. 88–14415S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 23, 1989.

(abandonment presupposes knowledge; undisclosed assets generally remain property of the estate).

Edwin Eugene Thompson, Ambler, Pa., for debtors.

Kurt Althouse, Reading, Pa., for Meridian Bank.

Leslie B. Baskin, Philadelphia, Pa., trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

We here address a Motion for relief from the automatic stay filed by Meridian Bank (hereinafter referred to as "Meridian") to allow it to obtain the proceeds of a certificate of deposit (hereinafter "the CD") held by Robert and Shirley Cabrillo (hereinafter "the Debtors") which was pledged as collateral to secure a loan to the Debtors. We conclude here that, where a creditor asserts that it holds a security interest in collateral, the proper course of action is to seek relief from the stay under 11 U.S.C. § 362(d) of the Code rather than invocation of setoff pursuant to 11 U.S.C. § 553(a). Further, we hold that Meridian has failed to present sufficient evidence in the present record to allow us to conclude that they present hold a valid perfected security interest in the Debtor's CD which they may foreclose. Accordingly, the relief sought shall be denied.

## PROCEDURAL HISTORY

The Chapter 7 bankruptcy case underlying this contested matter was commenced by the Debtors' filing of a voluntary petition on December 10, 1988. Meridian filed its present motion on March 2, 1989. While a Certificate of No Response was initially filed by Meridian, the Debtors filed a late Answer on March 30, 1989, generally denying that Meridian was entitled to the relief that it sought.[1] The hearing on the Motion was rescheduled for April 28, 1989. The parties appeared through counsel at that time and agreed to

---

1. The Debtors pleaded in their Answer that Meridian's lien is not enforceable in this matter because it falls within the exception to a bank's right to offset specified in 11 U.S.C. § 553(a)(3)(B). This provision provides an exception for debts incurred within ninety (90) days of filing of the bankruptcy petition. Assuming, for the moment, that § 553 was applicable to the present transaction, § 553(a)(3)(B) is inapplicable since the Note in issue was entered into on June 15, 1987, well outside of the 90–day limit set forth in § 553(a)(3)(B). The Debtors wisely appear to have abandoned reliance on this Code provision in their Memorandum of Law.

file a Stipulation of Facts to serve as the record in the case, on or before May 10, 1989. The parties were given an opportunity to file Briefs in support of their respective position, with Meridian's Brief due on May 19, 1989, and the Debtors' Brief due on May 26, 1989.

The Stipulation of Facts was not filed until May 19, 1989, and Meridian's Brief was not filed until May 23, 1989. The Debtors' Brief was also untimely filed on June 5, 1989.

FACTS

The pertinent facts in this matter do not appear to be disputed. On May 21, 1987, the Debtors entered into a loan transaction with Meridian and executed a Note and Security Agreement (hereinafter "the Note") on that date. According to the Note, the amount financed by the Debtors was $8,361.11, with interest charged at an annual percentage rate of eleven (11%) percent. Also, according to the Note, the Debtors were to repay Meridian by making thirty-six (36) monthly payments of $273.32 commencing June 15, 1987.

The Debtors maintained a CD with Meridian in the original principal amount of $3,355.00. Pursuant to the Note, the Debtors granted Meridian a security interest in this CD. Also, according to the Note, this original CD matured on July 21, 1987, was cashed in, and the proceeds were apparently used to purchase a new CD. The Debtors continue to maintain a CD with Meridian, although the present amount of this CD, which is the target of this motion, is not a matter of record.

According to the Stipulation filed by the parties, the Debtors defaulted on their loan and have failed to make any payments to Meridian on or after December 15, 1988. Also, according to the Stipulation, the Debtors are obligated to the Bank under the Note as follows:

| | |
|---|---|
| Principal | $4,339.77 |
| Interest through February 28, 1989 ($1.3079 per diem) | 128.16 |
| Late charges | 17.50 |
| | $4,485.43 |

The Debtors have claimed their present CD as exempt in their Schedule B–4 under 11 U.S.C. § 522(d)(5).[2] The Debtors have not initiated any proceedings to avoid the security interest held by Meridian in the CD.

DISCUSSION

Meridian appears to present three possible bases for relief from the stay. First, it argues that it is entitled to relief under § 362(d)(2), since the Debtors are alleged to hold no equity in the CD and the CD is alleged to not be necessary for an effective reorganization. Secondly, Meridian argues that it is entitled to set off the CD against the amount owed to it under the terms of the Note pursuant to the Pennsylvania common law, and 11 U.S.C. § 553(a) of the Bankruptcy Code. Finally, Meridian also appears to argue that its perfected security interest in the CD entitles it to relief from the stay for "cause" under § 362(d)(1).

We initially note that Meridian was proceeding properly by seeking relief from the stay prior to unilaterally attempting to set off the Debtors' CD against their obligation on the Note. *See, e.g., United States v. Norton,* 717 F.2d 767, 771 (3d Cir.1983); and 4 COLLIER ON BANKRUPTCY, ¶ 553.05[2], at 553–32 to 553–33 (15th ed. 1989). The automatic stay expressly prohibits a creditor from setting off a pre-petition debt owed to the debtor against a debt owed by the debtor. 11 U.S.C. § 362(a)(7). *See also* 11 U.S.C. § 362(a)(3) (automatic stay prohibits act to obtain possession of property of the estate); and § 362(a)(6) (automatic stay bars any act to recover a pre-petition claim against a debtor). *See also Cusanno v.*

---

**2.** 11 U.S.C. § 522(d)(5) allows a debtor to claim up to $3,750 of any unused amount of the homestead exemption provided in 11 U.S.C. § 522(d)(1). Each of two joint debtors may claim the full exemptions. *See In re Pinto,* 98 B.R. 200, 211–12 (Bankr.E.D.Pa.1989); and *In re Corbett,* 80 B.R. 32, 38 n. 5 (Bankr.E.D.Pa.1987).

The amount of the CD recited in the Schedules is $4,000. However, as the Schedules are not part of the record, we decline to consider their contents. *See In re Aughenbaugh,* 125 F.2d 887, 889 (3d Cir.1942); and *Corbett, supra,* 80 B.R. at 35 n. 3.

*Fidelity Bank,* 29 B.R. 810, 812 (E.D.Pa. 1983), *vacated as moot,* 734 F.2d 3 (3d Cir.1984) (automatic stay applies to an "administrative hold" on the debtors' checking account). *Accord, In re New York City Shoes, Inc.,* 78 B.R. 426, 432 (Bankr.E.D. Pa.1987). Any attempted setoff by Meridian against the Debtors' CD without first obtaining relief from the stay would have violated the automatic stay and would have subjected Meridian to sanctions pursuant to § 362(h). *See In re McLaughlin,* 96 B.R. 554, 558–63 (Bankr.E.D.Pa.1989); and *New York City Shoes, supra,* 78 B.R. at 432–33.

Section 362(d) of the Bankruptcy Code provides that a party may obtain relief from the automatic stay as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary for an effective re-organization.

■ A party seeking relief from the stay bears the burden of proof on the issue of the Debtor's equity in the property. 11 U.S.C. § 362(g)(1). While the party opposing the motion bears the ultimate burden of proof on all other issues, 11 U.S.C. § 362(g)(2), the party seeking relief bears an initial burden of producing evidence to show that it is entitled to relief. *See, e.g., In re Ward,* 837 F.2d 124, 128 (3d Cir.1988); *In re Purnell,* 92 B.R. 625, 632 (Bankr.E.D. Pa.1988); *In re Metro Transportation Co.,* 82 B.R. 351, 353 (Bankr.E.D.Pa.1988); *In re Stranahan Gear Co.,* 67 B.R. 834, 836–37 (Bankr.E.D.Pa.1986). *See also* 2 COLLIER, *supra,* ¶ 362.10, at 362–72.

■ Meridian maintains that it is entitled to set off the amount owed by the Debtors against their CD. Generally, a creditor indeed can set off a mutual debt owed to a debtor against a claim that the debtor owes to the creditor. *See, e.g., In re Duncan,* 10 B.R. 13, 15 (Bankr.E.D.Tenn. 1980). The Bankruptcy Code specifically allows such a setoff in the case of mutual pre-petition debts. 11 U.S.C. § 553(a). However, Section 553 does not create any new rights to setoff, but merely recognizes the legal and equitable principles of setoff existing in certain circumstances under applicable non-bankruptcy law. *See Norton, supra,* 717 F.2d at 772; *In re Lessig Construction, Inc.,* 67 B.R. 436, 441 (Bankr.E. D.Pa.1986); and 4 COLLIER, *supra,* ¶ 553.01, at 553–9. However, we conclude, for a number of reasons, that § 553 is inapplicable to the present matter.

■ First, we question whether the applicable Pennsylvania state law allows a creditor to effect a setoff as to the entire balance of an obligation owed to it absent evidence that the obligation has been accelerated and the entire amount has been declared due. Under Pennsylvania law, a claim must be presently due to be subject to setoff. *Commonwealth Trust Company of Pittsburgh's Appeal No. 238,* 324 Pa. 161, 165–66, 188 A. 200, 202 (1936); *Russ v. Sadler,* 197 Pa. 51, 58, 46 A. 903, 905 (1900); *Roig v. Tim,* 103 Pa. 115, 118 (1883); and *Bindley v. Pittsburgh,* 64 Pa. Super. 371, 378 (1916). The Pennsylvania Supreme Court has expressly concluded that a note which is not presently due may not be utilized as a setoff in *Commonwealth v. Tradesmen's Trust Co.,* 250 Pa. 372, 377, 95 A. 574, 576 (1915). *But cf. In re Tonyan Construction Co.,* 28 B.R. 714, 727 (Bankr.N.D.Ill.1983) (bankruptcy filing held to operate as an acceleration).

Under an installment loan agreement like the Note in issue here, the entire amount of the obligation is not due until the conclusion of the payment schedule or upon acceleration of the amount due. In fact, almost all of the cases cited by Meridian here in support of its right to setoff invovled demand notes rather than installment loan agreements and therefore are not controlling here. *In re Susquehanna Chemical Corp.,* 174 F.2d 783, 784–85 (3d Cir.1949); *Pittsburgh National Bank v. United*

*States,* 498 F.Supp. 101, 104 (W.D.Pa.1980), *aff'd* 657 F.2d 36 (3d Cir.1981); *Aarons v. Public Service Building & Loan Ass'n,* 318 Pa. 113, 114, 117–18, 178 A. 141, 143 (1935); and *Powell v. Third National Bank & Trust Co.,* 144 Pa.Super. 480, 484, 19 A.2d 741, 743 (1941). The only case cited by Meridian which did not involve a demand note is *In re Caplan's Estate,* 48 D. & C. 2d 117 (Allegheny Co.C.P.1968), which involved a decedent's guarantee on three installment home improvement loan agreements. However, the *Caplan* court concluded that the obligations to the bank could not be considered unmatured in view of defaults on the loans *coupled with* acceleration clauses contained in the loans. *Id.* at 125. *Accord, In re Duncan,* 10 B.R. 13, 16 (Bankr.E.D.Tenn.1980) (bank allowed to set off a matured obligation where the note contained a provision for acceleration in the event of default).

In the present case, it appears that the Debtors missed one payment on the Note, the payment due on December 15, 1988, prior to the filing of their bankruptcy petition on December 20, 1988. The record contains only the first page of the Note attached to the Stipulation of Facts. This page does not include an acceleration clause and therefore the record does not establish that Meridian has the right to accelerate the Note. No other evidence is submitted to indicate that the entire amount of the loan has been accelerated or is otherwise presently due. Thus, we question the right of Meridian, on the present record, to set off the Debtors' CD against the entire balance of the Note.

 Secondly, Meridian claims that it holds a valid perfected security interest in the Debtors' CD as security for the loan. We agree with the conclusion of the Eighth Circuit Court of Appeals that § 553 does not apply to an attempt to foreclose on a security interest in a CD. *Smith v. Mark*

*Twain Nat'l Bank,* 805 F.2d 278, 290–91 (8th Cir.1986). We further agree with the *Smith* court that § 553 applies only to setoffs of mutual unsecured obligations and therefore does not apply in a situation where a bank claims to hold a valid consensual security interest. *Id.* at 290–91. *Accord, In re 4–S Corp.,* 69 B.R. 499, 501 (Bankr.W.D.Mo.1987). Thus, we believe that the appropriate course of action for a bank in a situation where it maintains that it holds a valid security interest against the property of a customer-debtor is to seek relief from the automatic stay to foreclose upon the secured property. *See Smith, supra,* 805 F.2d at 290–91; and *4–S Corp.,* 69 B.R. at 501.

 Our conclusion here is consistent with our view that the right to setoff should be "applied restrictively in bankruptcy proceedings." *New York City Shoes, supra,* 78 B.R. at 428. *See also Lessig, supra,* 67 B.R. at 441. Such a restrictive view is appropriate because allowing a creditor to utilize setoff grants that creditor a priority treatment in collection of its claims. *Lessig, supra,* 67 B.R. at 441. *Accord, In re H. Wolfe Iron & Metal Co.,* 64 B.R. 754, 756 (Bankr.W.D.Pa. 1986); and J. McCoid, *Setoff: Why Bankruptcy Priority?,* 75 VA.L.Rev. 15, 16–20 (1989). Indeed, Congress, in enacting § 553, sought to restrict the right of setoff in the bankruptcy context since, under the predecessor Bankruptcy Act, "certain creditors received preferences to the detriment of other creditors and the estate." 4 COLLIER, *supra,* ¶ 553.02, at 553–9.[3]

 The Debtors cite to *In re Haffner,* 12 B.R. 371 (Bankr.M.D.Tenn.1981), and suggest that their CD cannot be subject to setoff because it is claimed as exempt on their schedules. Indeed, a number of cases have held, and we agree, that, in most circumstances, exempt property may not be subject to setoff. *See In re Klein,*

---

**3.** We note that the right to setoff under § 553 is not mandatory but rests within the discretion of the court applying equitable principles. *Cumberland Glass Manufacturing Co. v. DeWitt,* 237 U.S. 447, 455, 35 S.Ct. 636, 639, 59 L.Ed. 1042 (1915); *Norton, supra,* 717 F.2d at 772; and 4 COLLIER, *supra,* ¶ 553.02 at 553–11, 553–12. In

order to avoid giving a creditor effecting setoff undeserved priority treatment, we believe that it is appropriate to exercise this discretion to disallow a bank's request to utilize setoff where the bank can proceed to foreclose upon a perfected security interest in the collateral.

10 B.R. 356, 358 (9th Cir. BAP 1981), *rev'd,* 711 F.2d 1067 (9th Cir.1983) (retirement refund claimed as exempt under state statute not subject to setoff); *In re Davies,* 27 B.R. 898, 901 (Bankr.E.D.N.Y.1983) ($400.00 payment made under lay-away contract exempt under 11 U.S.C. § 522(d) and not subject to offset); and *In re Monteith,* 23 B.R. 601, 603 (Bankr.N.D.Ohio 1982) (setoff not allowed against tax refund claimed as exempt). *See also Haffner* and the state court cases cited therein at 12 B.R. at 372. However, the assets claimed as exempt in the above cases, unlike the CD here, were not claimed to be subject to a valid security interest. The Debtors may not avoid a valid security interest simply by listing the pledged collateral as exempt on their schedules.

■ The Debtors' claim of exemption, even though unobjected to, would not eliminate a valid lien or security interest in their property claimed as exempt. 11 U.S.C. § 522(c)(2)(A)(i). *See also* 11 U.S.C. § 552(b) (security agreement survives bankruptcy filing absent contrary order).[4] Thus, the Debtors' listing the CD as exempt on their Schedules would not save it from attachment by Meridian if Meridian indeed had a valid security interest against the CD.

In any event, we have concluded that Meridian is not entitled to a setoff of the CD against the Debtor's obligation to it under 11 U.S.C. § 553. However, if Meridian had a valid security interest in the Debtors' CD, it could properly proceed to seek relief from the stay to foreclose upon that interest. We shall then consider whether Meridian is entitled to relief from the stay on some other basis per 11 U.S.C. § 362(d).

**4.** A trustee or debtor-in-possession may seek to avoid a lien or security interest under various provisions of the Code. 11 U.S.C. §§ 544 (trustee can avoid transfers which could be avoided by a lien creditor); 545 (avoidance of statutory liens); 547 (avoidance of preferential transfers) 548 (avoidance of fraudulent transfers) and 549 (avoidance of post-petition transactions). *See In re Kroh Bros. Development Co.,* 86 B.R. 186, 188–190 (Bankr.W.D.Mo.1988) (pledge of CD was preferential transfer which could be avoided by debtor in possession). However, neither the Trustee nor the Debtors here have initiated

■ Meridian maintains that it is entitled to relief from the stay under § 362(d)(2).[5] This section provides that a secured creditor may obtain relief from the stay where the debtor lacks equity in the secured property and that property is not necessary to an effective reorganization. Meridian argues that since the Debtors have filed a Chapter 7 case, the CD is by definition not necessary for effective reorganization under § 362(d)(2).

We do not agree with Meridian's implicit conclusion that a secured creditor is entitled to lift the automatic stay in all circumstances when a Chapter 7 debtor lacks equity in a particular piece of property. While some courts have adopted the view that a secured creditor in a Chapter 7 need only show a lack of equity to obtain relief under § 362(d)(2), *see, e.g., In re Fazio,* 59 B.R. 312, 313 (Bankr.E.D.Pa.1986), we believe that the better approach is that which has been articulated by Chief Judge Twardowski in *In re Missimer,* 44 B.R. 219 (Bankr.E.D.Pa.1984). There, Chief Judge Twardowski holds as follows:

> It is undisputed that the mortgagee is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2). The Chapter 7 debtors admit that they have no equity in the property (albeit their debt to the mortgagee does not greatly exceed the undisputed value of the property) and they understandably do not claim that the property is necessary to an effective reorganization. However, as the debtors correctly point out, relief from the stay does not, of course, necessarily mean that the stay be vacated. We have the discretion to, *inter alia,* keep the stay in effect to satisfy certain conditions in the form of obligations to

any action to avoid or eliminate Meridian's security interest. *See In re Aikens,* 94 B.R. 869, 872 (Bankr.E.D.Pa.1989) (debtor can avoid statutory water/sewer lien as bona fide purchaser where liens not properly perfected by invocation of 11 U.S.C. §§ 522(h), (g)(1)).

**5.** Indeed, this is the theory most clearly articulated by Meridian in its pleading and its supporting Memorandum of Law as a basis for relief from the stay.

the mortgagee which we may impose upon them.

■ Thus, even where a Chapter 7 debtor lacks equity in secured property, we would be inclined to continue the stay, conditioned upon a debtor maintaining current loan payments and otherwise ensuring against loss to the creditor's interest. *Accord, Riggs National Bank of Washington, D.C. v. Perry*, 729 F.2d 982 (4th Cir.1984) (fact that amount owed on loan exceeds value of car pledged as security does not warrant relief from the stay under § 362(d)(2) where the debtor remains current on loan payments); and *In re Peacock*, 87 B.R. 657, 661 (Bankr.D.Colo.1988) (creditor not entitled to relief from stay even if the value of property pledged as collateral is less than amount of loan where the debtors are not in default). Thus, we concur with the reasoning of the Fourth Circuit and we, too, "cannot believe that Congress intended that we modify a section 362(a) stay every time the value of a debtor's personal property drops below the balance due on the outstanding loan." *Perry, supra*, 729 F.2d at 985.[6]

■ In the present case, however, the Debtors have not made a payment on the loan since prior to the bankruptcy filing in December, 1988. Neither have they proposed any other means of ensuring against loss to Meridian's interest in the CD, such as making a lump sum payment to cure arrears.

Thus, Meridian would probably be entitled to relief from the stay under § 362(d)(2) but for our conclusion that Meridian has failed to submit sufficient proof of the value of the CD, and hence has failed to establish the Debtors' lack of equity in the CD. It is clearly Meridian's bur-

den to establish the Debtors' lack of equity in the secured property by the terms of 11 U.S.C. § 362(g)(1). The present record does not reveal the present value of the Debtors' CD. *But see* page 446 n. 2 *supra*. It is impossible to determine the Debtors' equity in the CD without knowing its present value.

Furthermore, as we point out two paragraphs below, *see* page 451 *infra*, we conclude that there is insufficient evidence in the present record to determine that Meridian holds a valid perfected security interest in the CD presently held by the Debtors. As a result, we cannot grant Meridian relief from the stay under § 362(d)(2).

■ Neither can we conclude that Meridian is entitled to relief from the stay under § 362(d)(1) on this record. Meridian would be entitled to relief from the stay under § 362(d)(1) if it holds a valid security interest in the Debtors' CD which the Debtors are not adequately protecting. *Compare In re Kessler*, 76 B.R. 434, 438 (Bankr.E.D.Pa.1987) (mortgagee entitled to relief from stay where debtor has failed to make payments or articulate any other circumstances that render mortgagee adequately protected); and *Purnell, supra*, 92 B.R. at 632 (mortgagee not entitled to relief absent the showing that the debtor is not complying with Chapter 13 plan terms or not making post-petition mortgage payments). Here, the stipulated facts show that the Debtors have made no payments on the loan since prior to December, 1988, and the Debtors have failed to offer any evidence or argument to indicate that Meridian was adequately protected.

However, we cannot conclude on the basis of the present record that Meridian holds a valid perfected security interest in

**6.** Indeed, we question the need to grant relief from the stay in this Chapter 7 case. Since no reorganization or rehabilitation is contemplated, the administration of this case should be relatively short. The instant case was delayed only due to an apparent snafu in scheduling the meeting of creditors under 11 U.S.C. § 341, which we understand has been rectified, and the meeting has been scheduled on August 12, 1989. The granting of a discharge, which will terminate the stay, *see* 11 U.S.C. § 362(c)(2)(C), will

inevitably shortly follow. At that time, Meridian could pursue any remedies available to it under applicable non-bankruptcy law in light of the Debtors' default. If its security interest against the CD is in fact valid, it has no cause for concern that the Debtors will cash it and it will lose its security, and it will then be able to obtain the relief it now seeks. If it does not have a valid security interest in the CD, it could only utilize the remedies available to it under non-bankruptcy law anyway.

the Debtors' present CD. Meridian maintains that the Note granted it a valid security interest in the Debtors' CD. Meridian further maintains that its security interest was properly perfected since it had possession of the Debtors' CD. 13 Pa.C.S.A. 9304(a).[7] The Debtors do not challenge the validity of the security interest granted in the Note. Nor do they appear to suggest that the security interest was not properly perfected vis-a-vis the *original* CD. Rather, they maintain that Meridian's security interest did not survive the subsequent renewal of the CD to attach to the CD presently maintained by the Debtors.

We are inclined to agree with the Debtors and, at least on the basis of the present record, cannot conclude that Meridian has proven that it holds a valid security interest in the CD presently held by the Debtors. The record reveals that the Note granted Meridian a security interest in a CD held by the Debtors in the amount of $3,355.00. However, the record is equally clear that this CD was due to mature on July 21, 1987. While it appears that the Debtors presently maintain a CD with Meridian, the record fails to establish what, if any, relationship exists between the CD pledged as collateral in the Note and the present CD. A valid security interest under Article 9 will survive an exchange or other disposition. 13 Pa.C.S.A. § 9306(b).[8] However, on the basis of the present record, we are unable to determine if the CD presently held by the Debtors is in fact a "proceed" of the original CD referred to in the Note. Therefore, we cannot conclude with the requisite certainty that Meridian has a valid security interest in the Debtor's CD against which it herein seeks relief for permission to foreclose.

**CONCLUSION**

Although we have some reservations as to whether any decision that we make would have any significant impact on the parties' relationship,[9] we are compelled to conclude that Meridian (1) cannot invoke § 553 to obtain possession of the CD because it claims to be a secured party; and (2) is not entitled to relief from the stay pursuant to either § 362(d)(1) or § 362(d)(2) because it has not established the validity of its alleged security interest. An appropriate Order will be entered.

---

**7.** Article 9 of the Uniform Commercial Code applies generally to transactions involving security interests. 13 Pa.C.S.A. § 9102(a)(1). While interests in deposit accounts are specifically excepted from Article 9, 13 Pa.C.S.A. § 9104(12), certificates of deposit are not included within this exception. 13 Pa.C.S.A. § 9105(a).

**8.** The security interest in proceeds is automatically perfected for ten (10) days. 13 Pa.C.S.A.

§ 9306(c). A security interest in proceeds can presumably also be perfected beyond this period by taking possession. 13 Pa.C.S.A. §§ 9306(c)(3), 9304(a).

**9.** *See* page 450 n. 6 *supra. Compare Kessler, supra,* 76 B.R. at 439 (the fact that a creditor can proceed to foreclose shortly against a Chapter 7 debtor in any event is not a basis for denying relief from the stay).