**Gary TOTTENHOFF, d/b/a Custom Roofing, Appellant (Plaintiff),**

**v.**

**ROCKY MOUNTAIN CONSTRUCTION COMPANY, INC., and American National Bank, Appellees (Defendants).**

**No. 5237.**

Supreme Court of Wyoming.

April 14, 1980.

Edwin H. Whitehead, Urbigkit & Whitehead, P. C., Cheyenne, signed the brief and appeared in oral argument for appellant.

Richard P. Boley, Lathrop & Uchner, P. C., Cheyenne, signed the brief and appeared in oral argument for appellee American National Bank.

No brief was filed for Rocky Mountain Construction Company, Inc.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

The basic question in this case is whether the plaintiff-appellant has a valid mechanic's lien against real property upon which the defendant-appellee bank has a mortgage. The district court held that the claimant's Notice of Lien was prematurely filed and is invalid and unenforceable under the provisions of § 29–2–109, W.S.1977, which provided that " * * * the original contractor shall not file a lien prior to the expiration of sixty (60) days after the completion of his contract * * *."

The issues are:

1. Is the appellant an original contractor or subcontractor?

2. Did the appellant file his lien statement within the time period permitted by statute?

3. Was failure to file the lien statement within the prescribed period fatal to its enforcement?

We will affirm.

In the district court, the parties stipulated to the facts. Appellant is in the business of supplying, providing and installing roofing materials. The Rocky Mountain Construction Company, not a party to this appeal, is the owner of the real property against which the appellant seeks to enforce a mechanic's lien and is a general contractor in the business of constructing residential units. The appellee bank has a mortgage to secure construction financing on the premises of the Rocky Mountain Construction Company (Rocky Mountain). Appellant supplied, furnished and installed on the mortgaged property for Rocky Mountain cedar shakes at a cost of $2,780.00, other shakes, $299.00 and 75 feet of metal, $75.00.[1]

The shakes were installed between June 1 and June 7, 1978. On August 7, 1978, appellant returned to the job site and installed the metal flashing, which was not installed earlier because it was unavailable at the time the work was done in June. The parties agreed that:

" * * * The installation of the metal flashing was contemplated by the contract between the parties and it was an integral part of the roofing work done by Plaintiff [appellant] because it was required to protect the building from the

---

1. Summary judgment was entered against Rocky Mountain for the total of this claim.

elements and without its proper installation the building would not have been watertight."

Appellant executed and delivered a Notice of Intent to File Mechanic's Lien, dated September 21, 1978. A Notice of Lien was recorded with the County Clerk on October 2, 1978, approximately 117 days, or approximately three months and 25 days, after the installation of the shakes. In addition to the stipulated facts, the Notice of Lien states that the "labor, skill and materials so expended by claimant above-named, was completed on June 7, 1978 *except for a return call on August 7, when additional work was done to complete the job.*" (Emphasis added.)

The trial judge prepared and placed in the record a comprehensive letter opinion with which we agree. We will follow substantially the same reasoning in our disposition.

Section 29–2–109, W.S.1977, outlines the procedure for fixing of a mechanic's lien upon real property:

"It shall be the duty of every original contractor, within four (4) months, and every subcontractor, and every journeyman and day laborer, and every other person seeking to obtain the benefits of the provisions of this act [§§ 29–2–101 to 29–2–124], within ninety (90) days after the indebtedness shall have accrued, to file in the office of the register of deeds of the proper county, a just and true account of the demand due him, her, or them, after all just credits shall have been given, which is to be a lien upon such building or improvements, and a true description of all the property, or so near as to identify the same, upon which said lien is intended to apply with the name of the owner or owners, contractor or contractors, or both, if known to the person filing the lien, which in all cases shall be verified by the oath of the person filing the lien, or by some reliable person for him; provided, that the original contractor shall not file a lien prior to the expiration of sixty (60) days after the completion of his contract, and no provi-

sion contained in any contract made between the owner and the original contractor shall be construed to in any way affect or restrict the right of any subcontractor, journeyman or day laborer, to file his lien in the manner provided by this section."

■ The parties are in agreement that the appellant is a contractor in that while Rocky Mountain is in the business of contracting, its status in this case is that of owner. An owner is the source of authority for an improvement on real property and one who deals directly with such a party to perform the work is an original contractor. *Jordan v. Natrona Lumber Co.*, 1938, 52 Wyo. 393, 75 P.2d 378. The importance of this premise is that it fixes the timetable for taking the various steps in creating an enforceable lien.

■ This court has on several occasions declared that since the mechanic's lien is a statutory creature in derogation of the common law, strict compliance with statutory requirements is mandatory. *American Buildings Co. v. Wheelers Stores*, Wyo.1978, 585 P.2d 845, 847 (and the cases there cited). It is essential therefore that the lien claim be filed within the time limited by statute.

■ The trial judge had a decision to make from the facts of the case before him. The question was what event energized the time schedule during which mandatory steps must be taken; did the time start on June 7, 1978 when installation of shakes ended or did it start on August 7, 1978 when the metal flashing was installed? The answer to this question determines the date of the contractor's "completion of his contract" within the purview of § 29–2–109, W.S.1977, supra. The trial judge's analysis of the facts placed significance on the fact that the parties agreed that the metal flashing was "an integral part of the roofing work done," in order "to protect the building from the elements," otherwise it would not be "watertight." He additionally found that because the Notice of Intent to

File Mechanic's Lien[2] was not signed and delivered until September 21, 1978 (some 45 days after installation of the flashing on August 7, 1978, and within 15 days of a full 60 days), that served as a further indication that the understanding of appellant was that the job was not complete until installation of the metal. We would add that such inference is further reinforced by the language of the Notice of Lien filed with the County Clerk, which alleged:

"For and on account of labor, skill and materials expended on the property above-described by order of Rocky Mountain Construction, Inc. through Larry Carlson and Jerry Carlson, officers, representatives, and agents therefor, that said labor, skill and materials were expended on the property between June 1, 1978 and June 7, 1978 and the rendition of labor, skill and materials so expended by claimant above-named, was completed on June 7, 1978 except for a return call on August 7, *when additional work was done to complete the job*;" (Emphasis added.)

"[T]o complete the job" falls squarely within the concept of "completion of his contract" as expressed in § 29–2–109, W.S. 1977, supra.

It appears conclusive that while the cost of the flashing was not great, it was indispensable to completion of the job. It was not a trifling or inconsequential or minor part of the job as argued by appellant who contends that the work was substantially complete on June 7, 1978, and time limits should be computed from that day. This court has recognized the doctrine of substantial completion. *Arch Sellery, Inc. v. Simpson*, Wyo.1959, 346 P.2d 1068 and on rehearing, Wyo.1961, 360 P.2d 911. In that case the roof was complete except for some sealing which as far as cost was concerned, amounted to about $30.00, whereas the rest of the roof came to a price of $4,099.50. The trial court held that the job was not complete until the roof was sealed and this court affirmed. The *Arch Sellery* decision refers to *Sawyer v. Sawyer*, 1959, 79 Wyo. 489, 335 P.2d 794, which suggests a somewhat different test: Where the critical date involves installation of minor items or performance of a trifling service, the ultimate decision rests with the trier of fact who must consider all the circumstances which bear on the question of good faith and necessity in relation to prolongation of the period of construction.

Though the facts in this case were stipulated, it is the duty of the trial judge to draw a conclusion from them. As noted in the concurring opinion to *Arch Sellery* on rehearing, the placement of materials on the top of a building does not necessarily constitute a roof. The materials must be installed so as to protect the building from the elements or it fails as a roof. Building materials left unsealed and not watertight do not conform. We hold that the ultimate completion of the roof by sealing started the running of time within which to perfect filing of the lien.

We agree with the decision of the trial judge and cannot see how he could have done otherwise. The work was completed on August 7, 1978. The appellant filed his Notice of Lien prior to the passage of 60 days. This does not conform to the statutory requirement and is invalid.

Affirmed.

---

2. The notice was served on Rocky Mountain with a copy to appellee bank. Section 29–2–110, W.S.1977:

"Every person, except the original contractor, who may wish to avail himself of the benefits of the provisions of this act [§§ 29–2–101 to 29–2–124], shall give ten (10) days notice, in writing, before filing the lien, as herein required, to the owner, owners or agent, or either of them, that he or they hold a claim against such building or improvement, stating in said notice the amount of the same and from whom it is due."

We do not overlook that an "original contractor" need not give such notice. The section does not prohibit giving notice by a contractor and it is probably good practice.