**In re Margaret Rolen DUNCAN, Debtor.**

**Margaret Rolen DUNCAN, Plaintiff,**

**v.**

**FIRST HERITAGE BANK OF LOUDON COUNTY, Defendant.**

**Bankruptcy No. 3–80–00593.**

United States Bankruptcy Court,
E. D. Tennessee.

Nov. 7, 1980.

Farrell A. Levy, McDonald & Levy, P. C., Knoxville, Tenn., for plaintiff.

John O. Gibson, Loudon, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

In the present controversy the plaintiff/debtor asserts that the defendant improperly used her bank account as a setoff

against a debt owed to the defendant. At issue is whether the defendant had the right to set off the deposits against an unmatured but delinquent installment debt, and if so, whether the setoff may be recovered by the debtor under 11 U.S.C. § 553(b),[1] § 522(g) and (h).[2]

## I

On February 16, 1980, the debtor borrowed $224.26 from the defendant, giving in exchange a promissory note in the amount of $240.72, payable in monthly installments of $20.06 commencing on March 20, 1980, and maturing in February 1981. When no payments were made on the note, the defendant, on May 3, 1980, withdrew $232.22 from the debtor's bank account as a setoff against the note. On May 9, less than three months after the loan was negotiated, the debtor filed a petition in bankruptcy.[3]

The debtor's position is that the setoff which occurred within 90 days of the filing of the bankruptcy petition could have been recovered by the trustee under § 553(b) and, since the trustee failed to do so and the debtor claimed the funds as exempt, she can recover the setoff under § 522(h). Further, according to the debtor, the entire amount of the setoff is improper because the law of this state does not allow the setoff of an unmatured obligation.

The defendant bases its right of setoff on a clause in the note signed by the debtor.[4] At the trial of this matter the debtor testified that she had attempted to read the note, but that she was unaware that her account could be used as a setoff.

## II

■ Generally, a creditor may offset a mutual debt owed to the debtor against a claim the creditor has on the debtor. Bkr-L

1. "(1) Except with respect to a setoff of a kind described in section 362(b)(6) or 365(h)(1) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—
(A) 90 days before the date of the filing of the petition; and
(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
"(2) In this subsection, 'insufficiency' means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim." 11 U.S.C. § 553(b).

2. "(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

"(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
(2) the trustee does not attempt to avoid such transfer." 11 U.S.C. § 522.

3. In her bankruptcy petition the debtor claimed $250 "cash seized by First Heritage Bank" as exempt. Schedule B-4, debtor's petition. 11 U.S.C. § 522(d).

4. "Each obligor further authorizes the holder, without demand or notice of any kind, to appropriate and apply toward the payment of this and any other liability of an obligor to the holder in such order of application as the holder from time to time elect any balances, credits, deposits, accounts, items, or monies of an obligor with the holder." This is but one provision in an extremely long and complicated note containing hundreds of words that can more easily be read with a microscope. The debtor is unemployed and her sole income is Social Security payments of $603.00 per month. It was shortly after she deposited her monthly Social Security check that the offset occurred.

Ed, Estates § 23:104. Section 553 of the Bankruptcy Code, with a few exceptions, does not affect the right to a setoff when such right exists. See, generally, 4 Collier on Bankruptcy § 553.01 et seq. (15th Ed. 1980).

██ The plaintiff maintains this was an unmatured obligation for which the right of setoff did not exist. While it is true the note had not yet reached its maturity date, the note contained two clauses which gave the defendant the right to accelerate maturity in the event of a default.[5] Ordinarily, a note matures and is payable only at the expiration of the stated time. The situation is different, however, when there is an acceleration clause, either optional or absolute. When a note contains an optional acceleration clause as does the present note, a "breach of the condition stated in an optional acceleration clause permits the holder of the paper to treat the entire debt as due...." 11 Am.Jur.2d, Bills and Notes, § 294. Thus, in the present case the defendant was able to accelerate the maturity of the note because no payments had been made, nonpayment of installments being a condition of default.[6] The Bank, therefore, did not set off an unmatured obligation.[7]

### III

██ Section 553(b) of the Bankruptcy Code, however, prevents the creditor who exercises a right of setoff from improving his position vis-a-vis the other creditors by exercising such right within 90 days of bankruptcy. And, even though a creditor may have had an exercisable right of setoff, the trustee may recover the setoff under § 553(b) to the extent the creditor improves his position. The amount recoverable is the amount by which the insufficiency on the date of setoff is less than the insufficiency either 90 days before the filing of the bankruptcy petition or on the first day on which there was an insufficiency. The insufficiency is the amount by which the claim against the debtor exceeds the debt owing to the debtor. 11 U.S.C. § 553(b)(2).

██ The setoff in the present case occurred on May 3, 1980, less than 90 days before the bankruptcy petition was filed. At that time, the balance in the debtor's account was $706.91; therefore, there was no insufficiency. Nor was there an insufficiency 90 days before the filing of the petition in bankruptcy because the debt had not come into existence at that time. The first date on which there was an insufficiency was the date the loan was made, at which time the account had a balance of $78.49, resulting in an insufficiency of $162.23.[8] By exercising its right of setoff on May 3, the defendant improved its position between February 16, the date of the first insufficiency, and May 3, the date of the setoff, in the amount of $162.23.

██ The trustee could have recovered this amount under § 553(b), but he made no

---

5. A clause on the front of the note reads as follows:
   "If any installment is not paid when due, or in the event of default as described on the reverse side hereof the unpaid portion of the total of payments hereunder (less the unearned finance charge) may be declared and immediately payable."
   The back of the note lists the events causing a default. One of these is "Default in payment...." The note goes on to state that "upon default and at any time thereafter Bank may declare all obligations secured hereby immediately due and payable without presentment, demand, protest or notice of any kind, all of which are hereby expressly waived...."

6. While T.C.A. 47–1–208 requires that a setoff under an insecurity clause be made in good faith, the burden of showing lack of good faith is on the party opposing the setoff. There is no proof in the record as to the reason for the setoff, but the setoff presumably was made because of nonpayment.

7. While presentment of a note for payment is not necessary when dealing with the maker of the note, when maturity is accelerated by virtue of an optional acceleration clause, the general rule is that presentment is a condition precedent to the exercise of an optional acceleration clause. Annot., 5 A.L.R.2d 968, 977 (1949). The note under consideration, however, contained a waiver of the plaintiff's right to presentment.

8. The amount owed, $240.72, less the deposit of $78.49, leaves an insufficiency of $162.23.

effort to do so because the funds had been claimed as exempt. The debtor claims the funds on the basis of 11 U.S.C. § 522(g), (h). In effect § 522(g) provides that if "the trustee does not pursue an avoiding power to recover a transfer of property that would be exempt, the debtor may pursue it and exempt the property, if the transfer was involuntary and the debtor did not conceal the property." H.R.Rep.No.95-595, 95th Cong., 2d Sess., 362, reprinted in (1978) U.S. Code Cong. & Ad.News 5963, 6318. Since the property was claimed as exempt under § 522(d), and the setoff was not a voluntary transfer, the debtor may recover the amount of $162.23.

## IV

In addition to the recovery of the setoff, the attorney for the plaintiff seeks an award of attorney fee. This court is unaware of any statute or rule of law that authorizes an award of attorney fee under the facts of this case. Nor has the attorney cited any. The award of attorney fee is, therefore, denied.

## CONCLUSION

Under Tennessee law the defendant was entitled to set off the plaintiff's bank account against the indebtedness owed by the plaintiff. The trustee, however, under § 553(b) was entitled to recover the sum of $162.23. Since the trustee did not assert any claim to the funds, the plaintiff may do so, § 522(h), and recover the amount the trustee could have recovered. Hence, the plaintiff may recover the sum of $162.23. The request for an award of attorney fee is denied.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.