In re The VAN SHOP, INC., Debtor.

Philip R. JOELSON, Trustee in
Bankruptcy, Plaintiff,

v.

BancOHIO NATIONAL BANK,
Defendant.

Adv. No. 80–0131.

Debtor No. 80–00340.

United States Bankruptcy Court,
N. D. Ohio, W. D.

Dec. 10, 1980.

Philip R. Joelson, Toledo, Ohio, trustee.

Howard B. Hershman, Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the Trustee's complaint for recovery of alleged preferential transfers received by BancOhio National Bank (Bank) as a result of two setoffs executed by the Bank on February 11 and 12, 1980. The Bank in its answer and trial brief claims the right of setoff, 11 U.S.C. § 553. In the setoff of February 12, the Bank attained the balance of the Van Shop Inc.'s (Debtor) checking account. When the improvement of position test of Section 553(b) is applied to this setoff the net insufficiency is $337.07. To this figure the parties are in agreement and the Bank concedes that this amount is owing to the Trustee. It is the insufficiency resulting from the setoff of February 11, 1980, which is at issue here. The parties agree to the facts and thus the matter is before the Court solely on the issues of law.

On February 11, 1980, the Bank setoff $1,048.86 from the account of Carol A. Clark (Clark). At that time Clark was President of the Debtor and was co-obligor with the Debtor on a promissory note held by the Bank. Both Clark and the Debtor were in default upon their obligation on February 11, and both had accounts at the Bank. Later in the year, March 10, the Debtor filed its voluntary Chapter 7 petition and the order for relief was entered. As of the date of the filing of the Debtor's petition, Clark had not nor has she since

filed a petition in bankruptcy or had an involuntary petition filed against her. Philip R. Joelson was appointed Trustee at the creditors' meeting of March 31, 1980, and soon thereafter instituted this adversary proceeding to recover the insufficiency which arose out of the setoff of February 11, 1980.

## ISSUE

Does 11 U.S.C. 553 empower the Trustee to recover money setoff by a creditor of the Debtor from the account of a co-obligor not in bankruptcy?

## DISCUSSION OF LAW

Section 553 is derived from Section 68 of the Bankruptcy Act and with some changes preserves the right of setoff. One of these changes, which limits the right of setoff by allowing the Trustee to recover money setoff on or within 90 days before the date of the filing of the Debtor's petition, is contained in Section 553(b) which provides as follows:

"(b)(1) Except with respect to a setoff of a kind described in section 362(b)(6) or 365(h)(1) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) In this subsection, 'insufficiency' means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim."

The limitations in the right to setoff "represents a decision by Congress to restrict the right of setoff and treat its exercise as a preference under certain limited circumstances". *4 Collier on Bankruptcy*, 15th Ed., § 553.01 P. 553–6. (Footnote omitted). Even though a setoff is not technically a transfer under 11 U.S.C. 101(40), the basic purposes in allowing the Trustee to recover under Section 553(b) are the same as those of Section 547.

"The purpose of the preference section is twofold. First, by permitting the trustee to avoid prebankruptcy transfers that occur within a short period before bankruptcy, creditors are discouraged from racing to the courthouse to dismember the debtor during his slide into bankruptcy. * * * Second, and more important, the preference provisions facilitate the prime bankruptcy policy of equality of distribution among creditors of the debtor."

H.R.Rep.No.95–595, 95th Cong. 1st Sess. 177–78, reprinted in [1978] *U.S.Code Cong. & Ad.News* 5787, 5963, 6138. *See* S.Rep.No. 95–989, 95th Cong. 2d Sess. 97, reprinted in [1978] *U.S.Code Cong. & Ad.News* 5787, 5883. It is apparent that Congress has also adopted the improvement in position test of Section 553 from the test in Section 547(c). H.R.Rep.No.95–595, 95th Cong. 1st Sess. 185, reprinted in [1978] *U.S.Code Cong. & Ad.News* 6145. In the setoff situation the amount which is recoverable by the Trustee is actually a type of preferential transfer obtained by the creditor through a setoff.

While the present setoff appears to have reduced the total debt owed to the Bank and has therefore placed the Bank in a better position than other creditors, a basic element of Section 553, that the setoff must be against the claim of a debtor in bankruptcy, is missing. The Bank setoff against the claim of Clark not the Debtor and no evidence has been presented which would indicate that the Debtor maintained any interest whatsoever in Clark's account. Because the Debtor had no interest in Clark's account, the money in the account was not property of the Debtor and could never have become part of the bankruptcy estate. The Bank's recovery of the money by setoff has therefore caused no diminu-

tion to the estate of the debtor and other creditors have not been denied the right to share in all non-exempt property.

Even though the money setoff by the Bank was not obtained from the Debtor but from a third party, the transfer could conceivably still be a form of preferential transfer. Case law under Section 60 of the Bankruptcy Act has held that a transfer of funds, from a third party to a creditor of the Debtor, could be a preferential transfer if as a result of the transaction the Debtor's estate was diminished. *Steel Structures, Inc. v. Star Manufacturing Company,* 466 F.2d 207 (6th Cir. 1972). *Interstate National Bank of Kansas City v. Luther,* 221 F.2d 382 (10th Cir. 1955). Thus if money of the Debtor had been deposited in the account of Clark the setoff would have diminished the estate. As discussed earlier there has been no evidence to indicate that such transaction occurred or that the Debtor maintained an interest of any kind in the account of Clark.

 The automatic stay of Section 362 does not extend so far that it prohibits action against a co-debtor. It has long been held that the filing of a petition in bankruptcy does not affect the liability of a co-debtor, not in bankruptcy. See generally *1A Collier on Bankruptcy,* 14th Edition § 916, P. 1521. By setting off against the account of Clark the Bank was exercising its legal remedy against a debtor in default on a promissory note.

The Trustee has argued that Section 553(b) should be interpreted so as to enable the Trustee to recover *any insufficiency* regardless of where the creditor obtains the money. For the above stated reasons the Court does not adopt the Trustee's interpretation.

In conclusion, it has been shown that the setoff provisions of 553(b) allow the Trustee to recover a form of preferential transfer. However, this recovery presupposes that there has been a transfer from the Debtor's account on a claim by a creditor which results in a diminution of the Debtor's estate. In the present situation there was no setoff involving property of the Debtor and therefore no diminution of the estate. To allow the Trustee to recover property which could never have become property of the estate would be unjust and inequitable.

For the reasons hereinabove set forth; it is therefore,

ORDERED that the BancOhio National Bank turn over the sum of $337.07, which represents the amount owed to the Debtor, to the Trustee; and it is further,

ORDERED that the part of the Trustee's complaint seeking to recover funds setoff from the account of the co-obligor Clark be, and it hereby is, denied and dismissed.