### In re OHIO–ERIE CORPORATION, Debtor-In-Possession.

**OHIO–ERIE CORPORATION, Debtor-In-Possession, c/o Jerry A. Seifert, President, Plaintiff,**

v.

**BANCOHIO NATIONAL BANK, Defendant.**

Bankruptcy No. 582–106.

Adv. No. 582–0187.

United States Bankruptcy Court, N. D. Ohio.

Aug. 6, 1982.

Joel R. Aberth, Akron, Ohio, for plaintiff.

Frederick S. Corns, Akron, Ohio, for defendant.

### FINDING AS TO RECOVERY OF FUNDS

H. F. WHITE, Bankruptcy Judge.

This action was commenced by the filing of a Complaint to recover funds by Debtor-In-Possession, Ohio-Erie Corporation (hereinafter referred to as Ohio-Erie), against defendant, BancOhio National Bank (hereinafter referred to as BancOhio). The complaint alleges that a transfer of monies amounting to $69,611.07 by the debtor-plaintiff to BancOhio is a preference subject to avoidance under the bankruptcy laws, 11 U.S.C. Section 547(b).

In an answer filed April 7, 1982, BancOhio admitted that the transfer had been made by BancOhio withdrawing from Ohio-Erie's accounts with BancOhio the amount in question. In defense to the action, BancOhio argues that the monies so set-off may not be recovered by Ohio-Erie pursuant to 11 U.S.C. Section 553(b)(1).

This matter was submitted for decision by the parties based on a Stipulation of Facts filed June 9, 1982 and the pleadings as filed. Thereafter, and pursuant to an Order of this Court, the parties filed a Supplemental Stipulation of Fact on July 19, 1982.

### FINDING OF FACTS

Based on the Stipulations, the Court makes the following findings:

1. On January 19, 1982, Ohio-Erie Corporation filed a Petition in Bankruptcy pursuant to Chapter 11 of Title 11 of the United States Code.

2. Ninety days prior to the filing of the petition, on October 19, 1981, Ohio-Erie was indebted to BancOhio under the terms of two (2) promissory notes, in the amount of $64,705.33 plus accrued interest. On that same date, Ohio-Erie had demand deposits on account with BancOhio in excess of the loan balances.

3. On November 9, 1981, Ohio-Erie had the sum of $60,372.65 on deposit with BancOhio. On that same date, Ohio-Erie was indebted to BancOhio under the terms of two (2) promissory notes in the total amount of $68,790.77, including principal and accrued interest as of said date.

4. On December 18, 1981, BancOhio set off the sum of $69,611.07 from Ohio-Erie's bank accounts, thereby paying off the entire indebtedness of Ohio-Erie to BancOhio.

## ISSUE

The issue is whether Ohio-Erie may recover the monies setoff by BancOhio against its claim against the debtor on December 18, 1981.

## LAW

11 U.S.C. Section 553 deals with the ability of a creditor to exercise the right of setoff both immediately prior to the filing of a bankruptcy petition and after its filing. One of the changes made in this section from the Bankruptcy Act is in the form of a limitation on the right of setoff. S.R.No. 95–989, 95th Cong., 2d Sess. 91–92 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. 11 U.S.C. Section 553(b)(1) provides that:

> . . . if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—
>
> (A) 90 days before the date of the filing of the petition; and
>
> (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

BancOhio relies on this section to bar any right which Ohio-Erie may have to recover the monies setoff by BancOhio.

■ 11 U.S.C. Section 553(b)(1) has been compared to the improvement in position test found in the preference section, 11 U.S.C. Section 547(c)(5). H.R.No.95–595, 95th Cong., 1st Sess. 377 (1977). It has been stated that, "In the setoff situation the amount which is recoverable by the Trustee is actually a type of preferential transfer obtained by the creditor through a setoff." *In re The Van Shop, Inc.*, 8 B.R. 73, 7 B.C.D. 217 (Bkrtcy.N.D.Ohio 1980). To the extent that the creditor improves his

position by virtue of the setoff, the setoff may be avoided and the monies returned to the estate of the debtor. *In re Duncan*, 10 B.R. 13, 6 B.C.D. 1310 (Bkrtcy.D.Tenn.1980).

There is no dispute as to the fact that the debt offset was a mutual debt. In order for a debt to be a mutual debt, " 'the creditors' debt must be owed to the estate of the debtor and the estate's debt must be owed to the creditor.' " 4 Collier on Bankruptcy, 15th ed., ¶ 553.04 (1981) at 553–22. "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." *Id.* Here, this requirement is satisfied—BancOhio's debt was in fact owed to debtor at the time of the setoff and Ohio-Erie's debt was owed to BancOhio. The parties were in the same capacities as to both debts.

Additionally, the debt was setoff within 90 days before the filing of the petition in bankruptcy. Indeed, in Stipulation of Fact Number 4, the parties admit that the setoff was made on December 18, 1981, which was approximately 30 days prior to the time that the petition was filed.

■ As such, the sole issue to be determined is whether any insufficiency which existed at the time of the setoff was less than any insufficiency which existed on either the 90th day prior to the filing of the petition or the first day prior to the filing on which there was an insufficiency. The term "insufficiency" is defined in 11 U.S.C. Section 553(b)(2) as meaning the "amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim".

Collier on Bankruptcy discusses the manner in which it is determined whether there is an insufficiency under this section so as to allow the trustee [1] to recover. The amount by which BancOhio's claim exceeded the amount debtor had on deposit with BancOhio on the date of setoff must first be ascertained. Then, the amount by which BancOhio's claim exceeded the amount

---

1. 11 U.S.C. Section 1107 grants the debtor-in-possession the powers of a trustee under the

Bankruptcy Code.

debtor had on deposit on the 90th day prior to the filing of the petition or, if no insufficiency existed on that date, on the first day prior to the filing of the petition, within the 90-day period on which there was an insufficiency, must be determined. To the extent that the second figure is greater than the first, debtor may recover said amount. 4 Collier on Bankruptcy, 15th ed., ¶ 553.-01[4] (1981) at 553–8.

On the date of setoff, there was no insufficiency. By virtue of the setoff, Banc-Ohio's claim against Ohio-Erie was completely satisfied. Thus, the first figure is zero.

In the ninety days preceding the filing of the bankruptcy petition, there was only one date on which BancOhio's claim against Ohio-Erie exceeded BancOhio's debt to debtor. On November 9, 1981, debtor owed the sum of $68,790.77 on the promissory notes to BancOhio. Ohio-Erie had the sum of $60,372.65 on deposit with BancOhio on the same date. Thus, on November 9, 1981, the insufficiency was the sum of $8,418.12.

Due to the setoff on December 18, 1981, BancOhio improved its position over that it had held on November 9, 1981, the only date during the 90-day period on which there was an insufficiency, by the amount of $8,418.12. Accordingly, 11 U.S.C. Section 553(b)(1) allows debtor to recover the sum of $8,418.12 from BancOhio from the total setoff by said creditor on December 18, 1981.

Therefore, it is the conclusion of this Court that Plaintiff-Debtor, Ohio-Erie Corporation, may recover from defendant, BancOhio National Bank, the sum of $8,418.12.