**Lincoln LYNCH, Plaintiff,**

v.

**JOHNS-MANVILLE SALES CORP., et al., Defendants.**

**No. C-1-82-358.**

United States District Court, S. D. Ohio, W. D.

Oct. 5, 1982.

John Harrington, Cincinnati, Ohio, for Lynch; Robert E. Sweeney, Cleveland, Ohio, of counsel.

Frederick J. McGavran, Cincinnati, Ohio, for Johns-Manville.

David Fries, Cincinnati, Ohio, for Standard Asbestos Mfg.

Jack C. McGowan, Hamilton, Ohio, for Armstrong World Industries.

Thomas M. Green, Dayton, Ohio, for Raybestos-Manhattan, Inc.

James H. Ledman, J. Stephen Teetor, Columbus, Ohio, for Pittsburgh Corning Corp.

John H. Burtch, Columbus, Ohio, for GAF Corp.

Gordon C. Greene, Cincinnati, Ohio, for Celotex Corp.

Leo Breslin, James F. Brockman, Cincinnati, Ohio, for Nicolet Industries.

Neil F. Freund, Dayton, Ohio, for Keene Corp. and Keene Bldg. Products Corp.

Robert H. Sack, Cincinnati, Ohio, for Forty-Eight Insulation Co.

Thomas L. Eagen, Jr., Cincinnati, Ohio, for Fibreboard Corp.

OPINION AND ORDER DENYING STAY AND CERTIFICATE FOR IMMEDIATE APPEAL

SPIEGEL, District Judge:

This matter came before the Court for consideration of motions to stay all proceed-

ings filed by defendants Keene Corporation (doc. 31) and Raymark Industries (doc. 33) and plaintiff's memorandum in opposition (doc. 34). We hereby deny defendants' motions, finding that the automatic stay provision of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 362(a), does not stay litigation against solvent co-defendants of a Chapter 11 debtor. Furthermore, we find that Unarco and Johns-Manville are neither necessary nor indispensable parties as defined in Rule 19, Fed.R.Civ.P. Recognizing, however, that both the extent of section 362(a) protection and the appropriateness of a Rule 19 analysis in the context of multiparty products liability litigation where one or more of the defendants has filed a Chapter 11 petition with the Bankruptcy Court are unclear, we certify this Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

This case, one of at least eight now pending before the undersigned judge, is one of approximately 16,000 cases pending in various courts across the country involving liability for exposure to products containing asbestos. Most, if not all, of the complaints name multiple defendants. Johns-Manville Sales Corporation and related entities (Johns-Manville) are defendants in most of these actions; Unarco Industries, Inc., is a defendant in the majority.

On July 29, 1982 Unarco filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. Johns-Manville filed similar petitions for reorganization August 26, 1982 in the Bankruptcy Court for the Southern District of New York. Section 362(a) of the Bankruptcy Code automatically stays all further proceedings as against Johns-Man-

ville and Unarco. What is before this Court is the effect of section 362(a) on litigation against the debtors' solvent co-defendants in this products liability action.

Raymark, defendant in this and over 10,-000 other actions, argues that the automatic stay provision requires a stay where the absent debtor is essential to a just and complete resolution of the litigation. The proper test for determining whether the debtor is essential to a just and complete resolution, according to defendant, is that posed by Rule 19, Fed.R.Civ.P. Defendants assert that Johns-Manville and Unarco are, at a minimum, necessary parties under a Rule 19(a) analysis, and thus the litigation should be stayed. Asserting, further, however, that the absent debtors are indispensable parties as defined in Rule 19(b), defendants conclude that the Court is required to stay the proceedings.[1]

We are unpersuaded. We recognize the complexities posed by the asbestos litigation, the major roles played in this litigation by Johns-Manville and Unarco, and the uncertainties created by the interposition of reorganization petitions under Chapter 11 of the Bankruptcy Code by these two major defendants. We also recognize that a number of courts in other jurisdictions imposed a stay or modified stay on asbestos litigation following the filing of Unarco's petition with the Bankruptcy Court.[2] We nonetheless do not believe that Congress intended section 362(a) to extend to solvent co-defendants of a Chapter 11 debtor. Neither do we accept the view that the "equity and good conscience" test of Rule 19(b) permits a court to stay a products liability action, thereby imposing an unconscionable delay

---

1. Although Rule 19(b) does not give the Court the option of staying an action, defendant Raymark bases its motion on 11 U.S.C. § 362, not Rule 19. Because Rule 19 is employed as an analytical tool only, we need not consider whether Rule 19 permits a court to order a stay rather than dismissing an action after finding that a party who cannot be joined is indispensable.

2. Cases extending the stay to solvent co-defendants in asbestos litigation include *Austin v. Unarco Industries, Inc.,* No. 82–1168 (1st Cir.

Aug. 5, 1982); *Bowman v. Johns-Manville Sales Corp.,* No. C–2–81–1492 (S.D.Ohio, Aug. 5, 1982) (Duncan, J.); *Wedgeworth v. Armstrong Corp.,* No. J78–0002(N) (S.D.Miss. Aug. 27, 1982); *Quamme v. Cape Industries,* No. 81L10435 (Cook Cty.Cir.Ct., Aug. 15, 1982); *St. Jacque v. Johns-Manville Products Corp.,* No. C–137–465 (Cal.Super.Ct., Aug. 27, 1982). The stay imposed in *Bowman* is, however, merely temporary with Judge Duncan reserving the question of an indefinite stay until the parties have an opportunity to brief fully the issues.

upon an innocent plaintiff merely because one of the joint tortfeasors files a Chapter 11 petition.

### I. 11 U.S.C. § 362(a)

Section 362(a) provides in pertinent part that the filing of a petition in the Bankruptcy Court acts as a stay "applicable to all entities" of

(1) The continuation . . . of a judicial . . . proceeding *against the debtor* . . . commenced before the commencement of the case [in bankruptcy], or to recover a claim *against the debtor* that arose before the commencement of the case [in bankruptcy] (emphasis added).

█ We do not believe that it was ever Congress' intent to allow the automatic stay provision of the Bankruptcy Code to be used as a sword by solvent co-defendants in a products liability action. The Bankruptcy Code is designed to facilitate the rehabilitation of debtors. Were we to find that the automatic stay of 11 U.S.C. § 362(a) extends to solvent co-defendants we would do nothing to further the goals of the Bankruptcy Code but would place unconscionable obstacles in the paths of plaintiffs. We do not accept that such a result was either intended by or is acceptable to Congress and, therefore, join those courts refusing to find that section 362(a) extends to solvent co-defendants of a Chapter 11 debtor.[3]

The parties in this case and courts who have addressed the question of the scope of the automatic stay in the context of the asbestos litigation have cited a number of cases to support their conclusions. The difficulty is that most of the cases cited do not treat the instant issue—the effect of the stay on solvent co-defendants in a products liability case where one of the defendants is in a Chapter 11 reorganization proceeding.[4] For that reason, we believe it unnecessary to discuss these cases. Rather we choose to outline our reasons for declining to find that the stay extends to these solvent co-defendants.

The language of section 362(a) is unequivocal. It prohibits "all entities" from proceeding "*against the debtor.*" It does not prohibit proceedings against the debtor and "all entities related to the debtor." On its face, the statute is for the protection of the debtor. *See Clutter v. Johns-Manville Sales Corp.*, No. C–78–229 (N.D. Ohio Sept. 8, 1982) (transcript of proceedings at 7–9).

The Notes of the Committee on the Judiciary to section 362(a) support our conclusion. The automatic stay is a shield, described as a "fundamental debtor protection" intended to provide "the debtor a breathing spell" so that the "debtor [may] attempt a repayment or reorganization plan or simply . . . be relieved of the financial pressures that drove him into bankruptcy." The legislative history is to the same effect. H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in (1978) U.S.Code Cong. & Ad.News 5787, 5836. It is true

---

**3.** *In Re Raybestos Manhattan, Inc.*, No. 82–2339 (5th Cir. Aug. 20, 1982) (denial of petition for writ of mandamus and/or prohibition without comment). The courts in *Clutter v. Johns-Manville Sales Corp.*, No. C–78–229 (N.D.Ohio, Sept. 8, 1982) (transcript of proceedings, pp. 5–12); *McDonald v. Johns-Manville Sales Corp.*, No. I.P. 81–557–C (S.D.Ind. Aug. 24, 1982); *Kindle v. Fiberboard*, No. Ty–79–35 C.A. (E.D.Texas Aug. 12, 1982); *Harvey v. Johns-Manville Sales Corp.*, No. 3–81–0009–1–1 (N.D. Texas Aug. 27, 1982) provided some reasoning for their conclusion that the stay was inapplicable to solvent co-defendants. The Cuyahoga County Court of Common Pleas in *Doan v. Johns-Manville*, No. ·008534 (Aug. 11, 1982), without comment but after hearing, denied a stay as to defendants other than Unarco which it *sua sponte* dismissed.

**4.** The one possible exception is a products liability case relied upon by defendant Raymark. *In Re The White Motor Credit Corp.*, 11 B.R. 294 (Bkrtcy.N.D.Ohio 1981). It, however, is also inapplicable. While deploring the result, described as a "windfall to co-defendants and insurance companies," the bankruptcy court stated that "for many reasons," none of which the court provided, a products liability plaintiff could not proceed against co-defendants of the debtor. This statement, supported by no authority, should not be treated as other than dictum, for it is not the holding of the case. At issue in the case was the Bankruptcy Court's power to appoint a special master for disposition of the products liability claims against the debtors.

that the automatic stay also protects the debtor's creditors by providing for an orderly disposition of the claims of all creditors but a reading of the legislative history in its entirety makes it emphatically clear that protection of the creditor is a secondary purpose. We conclude that it would distort congressional purpose to hold that a third party solvent co-defendant should be shielded against his creditors by a device intended for the protection of the insolvent debtor.

It is settled law that the automatic stay of section 362(a) does not operate against sureties, guarantors, or co-obligors of the Chapter 11 debtor. *In Re Fintel,* 10 B.R. 50 (Bkrtcy.Or.1981) (surety); *Matter of Earth Lite, Inc.,* 9 B.R. 440 (Bkrtcy.Fla.1981) (guarantor); *In Re The Van Shop, Inc.,* 8 B.R. 73, 75 (Bkrtcy.N.D.Ohio 1980) (co-obligor). The surety (or guarantor or co-obligor) and his debtor have a far more intimate relationship than do co-defendants in a products liability action. It is surely both illogical and inequitable to provide the solvent products liability co-defendant with the protection of section 362(a) when that same protection is unavailable to the surety, guarantor or co-obligor of the insolvent co-defendant.

The provision in 11 U.S.C. § 1301(a) of a stay of proceedings to collect a consumer debt against co-debtors of the Chapter 13 debtor further persuades us that Congress did not intend the automatic stay of section 362(a) to extend to solvent co-defendants of a Chapter 11 debtor. Section 1301(a) provides in pertinent part that

a creditor may not act, or commence, or continue any civil action, to collect all of any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this Title.

The very language of this section makes it clear that Congress did not intend the section 362(a) stay to extend to co-debtors automatically. The United States Supreme Court has stated: "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910–11, 64 L.Ed.2d 548 (1980). Although we recognize that the rule of exclusion is an aid to statutory construction, not a rigid rule of law, *Equal Employment Opportunity Commission v. Kimberly-Clark Corp.,* 511 F.2d 1352, 1362 (6th Cir. 1975), *cert. denied,* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975), we believe that it is helpful in construing section 362(a). Because Congress provided a stay for certain co-debtors of a Chapter 13 debtor, it seems reasonable to conclude that if Congress wished to provide a stay for co-defendants of a Chapter 11 debtor it would have done so expressly.[5] *See Royal Truck and Trailer v. Armadora Salvadoreana,* 10 B.R. 488, 491 (Bkrtcy.N.D.Ill.1981).

## II. Rule 19, Fed.R.Civ.P.

Although we believe that the language of the statute and the legislative history clearly demonstrate that the stay of section 362(a) does not extend to solvent co-defendants in a products liability case, defendant Raymark has made a strong argument that section 362(a)'s applicability must be determined by employing a Rule 19, Fed.R.

---

5. We also note that the primary purpose of section 1301(a) is to protect the Chapter 13 debtor "by insulating him from individual pressures from his creditors exerted through friends or relatives that may have co-signed an obligation with the debtor." H.R.Rep. No. 595, 95th Cong. 2d Sess. 426 (1978), reprinted in (1978) U.S.Code Cong. & Ad.News 6381. In other words, the foremost justification for both the 362(a) stay and the 1301(a) stay is the protection of the debtor from harassing creditors, not the protection of solvent co-debtors. We see no rationale that can support the conclusion that even though Congress did not intend these two stays for the protection of co-debtors, they should nevertheless be stretched to protect solvent products liability co-defendants.

Civ.P., analysis. Furthermore, in light of the Honorable William Thomas' Order of September 8, 1982 in *Clutter, supra,* granting a stay of proceedings against solvent co-defendants in that case until November 2, 1982 or until it is determined whether Unarco and Johns-Manville are necessary or indispensable parties,[6] we believe it appropriate to consider whether the debtor defendants are necessary or indispensable parties, using the analysis required by Rule 19, Fed.R.Civ.P.

In effect, defendant Raymark is proposing a case-by-case approach. Ignoring possible objections to such an approach and assuming that a Rule 19 analysis is appropriate, we would nevertheless not reach the conclusion that a stay is required.

Rule 19(a), Fed.R.Civ.P., provides in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

A party who meets one of those tests is a necessary party.

■ It is a well-established principle that Rule 19 does not require the joinder of joint tortfeasors, *Provident Tradesman Bank & Trust v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). Assuming, however that a Rule 19 analysis is required in every joint tortfeasor case, and assuming further that Unarco and Johns-Manville are necessary parties, we nonetheless do not find that they are indispensable parties.

The first sentence of Rule 19(b) provides that if a necessary party under Rule 19(a) cannot be joined, the court shall determine

whether *in equity and good conscience* the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. (emphasis added)

We accept the hypothesis that this Court can employ a Rule 19(b) analysis in determining whether a stay should issue pursuant to its equitable powers. Because we are employing 19(b) as an analytical tool, we need not decide whether the Court, should it find that the equity and good conscience test of 19(b) has been satisfied, can issue a stay rather than dismiss an action.

The primary test under 19(b) is equitable: it is the Court's determination that the action cannot equitably be allowed to proceed that renders a party indispensable. In other words, "indispensable" is used in the rule in a conclusory sense only; that is, a party is indispensable only if the Court "in equity and good conscience" determines after a pragmatic consideration of factors enumerated in 19(b) as well as others pertinent to the matter at hand that it is preferable to dismiss the action. *Advisory Committee Notes to the 1966 Amendment to Rule 19,* 39 F.R.D. 89, 92–93 (1966).

The second sentence of 19(b) provides four factors which the Court is to consider in determining whether it is equitable to allow the parties to proceed. The Supreme Court has described those factors as four interests: the plaintiff's interest in having a forum; the defendant's interest in avoiding multiple litigation or inconsistent relief, or sole responsibility for a shared liability; the interest of the outsider whom it would have been desirable to join; and the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. *Provident Tradesman, supra,* 390 U.S. at 109–111, 88 S.Ct. at 737–738.

**6.** The temporary stay was granted pursuant to the Court's equitable powers, not 11 U.S.C. § 362(a) or Rule 19, Fed.R.Civ.P. An order to the same effect was entered in seven other asbestos cases pending before Judge Thomas.

The plaintiff in this case has a great interest in maintaining the action in this Court, for he may not have a alternative forum in which to pursue claims against the solvent co-defendants. The solvent co-defendants obviously have a high interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a shared liability. We do not see, however, that this interest outweighs plaintiff's interest, for the solvent co-defendants can avoid the problem of sole responsibility by filing any claims for contribution they may have against Unarco or Johns-Manville in the Bankruptcy Court.[7] In fact, we assume they would file claims for contribution even if this case were stayed.[8]

The third interest, that of the Chapter 11 debtors Unarco and Johns-Manville, requires the Court to "consider the extent to which the judgment may as a practical matter impair or impede his ability to protect his interest in the subject matter." *Provident Tradesman, supra* at 110, 88 S.Ct. at 738. It is not immaterial that the absent parties voluntarily sought the protection of the Bankruptcy Court and in effect removed themselves as parties to this litigation. Furthermore, as Chapter 11 debtors they will not be powerless to protect their interests, for they will participate in the development of their reorganization plans which we assume will make some provision for potential and existing claims for contribution.

The interest of the courts and the public will not be harmed by allowing this action to proceed. The complications created by the Unarco and Johns-Manville Chapter 11 petitioners are very real, but will in no way be diminished by staying this action. A stay, however, would leave this litigation pending and plaintiff in limbo, results which we find are not in the best interests of either the courts or the public.

Judge Roszkowski used a similar analysis in *Royal Truck and Trailer, supra,* 10 B.R. at 491–93, granting plaintiff's motion to proceed against a solvent co-defendant of a Chapter 11 debtor. Plaintiff in that case had asserted a breach of a lease agreement. The solvent co-defendant was the debtor's co-obligor on the agreement. In finding that the debtor was not an indispensable party, the Court relied particularly on the fact that the debtor had no objection to the litigation going forward and that the solvent co-defendant was the primary co-obligor on the agreement. The debtors in our case, Unarco and Johns-Manville, have similarly posed no objections to the litigation proceeding. We further note that the relationship of the *Royal Truck* defendants, co-obligors on a lease agreement, is far closer than the joint tortfeasor relationship of these defendants.

We cannot in equity and good conscience subject plaintiff to further delay while

---

**7.** The law of contribution in Ohio is governed by O.R.C. §§ 2307.31, 2307.32. Section 2307.-31(A) provides in pertinent part

where two or more persons are jointly or severally liable in part for the same injury to persons or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

Section 2307.32(A) provides

Where a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action . . .

However, section 2307.32(B) makes it clear that if judgment is entered against one or more but not all of the joint tortfeasors, those seeking contribution may initiate a separate action for that purpose. Section 2307.32(B) provides

If there is a judgment for the injury or wrongful death against the tortfeasor seeking

contribution, *any separate action* by him to enforce contribution must be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review. (emphasis added) Should judgment be entered against these solvent co-defendants in this case they can bring an action pursuant to O.R.C. §§ 2307.31, 2307.-32 in Bankruptcy Court to enforce their right of contribution. 11 U.S.C. § 105.

**8.** The Bankruptcy Code does not require the solvent co-defendants in this action to wait for judgment to be entered against them. Under the definition of "claim" provided in 11 U.S.C. § 101(4) they may file proofs of claim with the Bankruptcy Court, 11 U.S.C. § 501, and have their claims included in the reorganization plans of Unarco and Johns-Manville. 11 U.S.C. § 1123.

Johns-Manville and Unarco develop and execute their reorganization plans. Solvent co-defendants in a products liability case may not use Rule 19 as a sword to prevent plaintiffs from prosecuting their claims merely because two of the defendants voluntarily sought the protection of the Bankruptcy Court by filing Chapter 11 petitions for reorganization.

### III. 28 U.S.C. § 1292(b) Certification

We hereby certify our Order for immediate appeal pursuant to 28 U.S.C. § 1292(b). Our discussion as well as the considerable split of opinion among courts reveals that there is substantial disagreement over two obviously controlling questions of law:

1. Whether the automatic stay of 11 U.S.C. § 362(a) extends to solvent co-defendants in products liability litigation where one or more of the defendants has filed a Chapter 11 petition.

2. Whether Rule 19, Fed.R.Civ.P., requires a stay pursuant to the Court's equitable powers of this products liability litigation against the solvent co-defendants of Chapter 11 debtors Unarco and Johns-Manville.

Immediate appeal and decision on these two questions will materially advance litigation of not only this action but of other asbestos litigation pending before this and other courts in this Circuit.

SO ORDERED.