Michael HAMEL, Daniel L. Cashman, Robert W. Zumbo, Bruce Schoeneberg, Charles Moran, Leon W. Shayler, Charles Frakes, Karl W. Sherman, Brett Deschenes, Roy T. Webb, David Thompson, Rick Gonzales, Robert de Castro, Alfred J. Tennant, Larry Timothy Largent, James G. Largent, Randy H. Schoeneberg, Kevin C. Keller, Larry T. Vanover, Richard L. Jolley, Leonard G. Holland, Russell G. Fields, Jeffrey J. Payne, Victor L. Fagerstone, Appellants (Plaintiffs),

Jim Clark, Rickie O. Phillips, and Kelly Webster, (Plaintiffs),

v.

AMERICAN CONTINENTAL CORPORATION, an Ohio corporation, and Medema Homes of Utah, Inc., a Utah corporation, Appellees (Defendants),

Patrick Earl Glaspie, d/b/a Western Comfort Builders, (Defendant).

No. 85–150.

Supreme Court of Wyoming.

Feb. 5, 1986.

Bernard E. Cole and Douglas J. Moench, Jr., of Cole & Moench, Cheyenne, for appellants.

Edwin H. Whitehead of Urbigkit, Whitehead, Zunker & Davidson, P.C., Cheyenne, for appellee American Continental Corp.

Before THOMAS, C.J., BROWN, CARDINE and MACY, JJ., and RAPER, J., Retired.

RAPER, Justice, Retired.

The district court, on motion, dismissed a mechanic's lien foreclosure action brought by the 24 appellants, employees of Patrick

Earl Glaspie, d/b/a Western Comfort Builders (Glaspie), discharged in bankruptcy. Glaspie had contracted to do work for American Continental Corporation (American), d/b/a Medema Homes, appellee owner, on the land of American.

Appellants set out the issues to be:

"1. IS THE CONTRACTOR A PARTY WHO MUST BE JOINED AS A PARTY TO A MECHANIC['']S LIEN FORECLOSURE ACTION, AS AN INDESPENSIBLE [sic] PARTY AND WHO, THEREFORE, CAUSES A STAY OF PROCEEDINGS UPON THE FILING OF A PETITION IN BANKRUPTCY?

"2. DOES A PETITION IN BANKRUPTCY FILED BY A DEBTOR WHO IS AN INDESPENSIBLE [sic] PARTY TO A MECHANIC['']S LIEN FORECLOSURE ACTION ACT TO STAY THE FORECLOSURE ACTION, THUS TOLLING THE ACTION'S STATUTE OF LIMITATIONS?"

American clarifies and restates the issues to be:

"1. Is a contractor, who is bankrupt, and [sic] indispensable party to rendition of a valid judgment establishing and foreclosing a lien.

"2. Do the automatic stay provisions of 15 [11] U.S.C. § 362(a) preclude creditor actions against other parties who have not filed proceedings in the bankruptcy court?

"3. Do the automatic stay provisions of § 362(a), as applicable to the debtor, stay the judicial proceedings against the owner and the liened property, and as such toll the statute of limitations as to commencing an action to enforce a lien within one hundred eighty (180) days?"

We will affirm.

Appellants were employed by Glaspie. Glaspie initiated federal "Chapter Seven" bankruptcy proceedings. Unpaid appellants were stayed by the bankruptcy court from initiating any proceedings against Glaspie to collect wages due from Glaspie. Glaspie was eventually discharged from bankruptcy on May 7, 1984. The district court mechanic's lien foreclosure action was filed on May 23, 1984, 183 days after the recording of statements of mechanic's lien with the Laramie County clerk on November 22, 1983. W.S. 29–2–109 mandates that:

"All actions to foreclose or enforce a lien under this chapter shall be commenced within one hundred eighty (180) days after the filing of the lien statement. No lien shall continue to exist except by virtue of the provisions of this chapter for more than one hundred eighty (180) days after the lien is filed unless an action to foreclose the lien is instituted."

I

Since 1901, as in *Wyman v. Quayle*, 9 Wyo. 326, 63 P. 988 (1901), this Court has taken the position there enunciated that a mechanic's lien is a creature of statute, and however equitable the lien claim may be, it does not exist unless the one claiming the lien shows substantial compliance with all the essential requirements of the statute. Lien laws are strictly construed, and their scope cannot be extended. *Cities Service Oil Company v. Pubco Petroleum Corporation*, Wyo., 497 P.2d 1368 (1972); *Arch Sellery, Inc. v. Simpson*, Wyo., 346 P.2d 1068 (1959). It is essential that there be exact compliance with the time limits fixed by statute, *Tottenhoff v. Rocky Mountain Construction Company, Inc.*, Wyo., 609 P.2d 464 (1980), severe as that may seem to be on occasion. See also *Peters v. Dona*, 49 Wyo. 306, 54 P.2d 817 (1936).

II

There is no question then that unless appellants' position is correct that the stay by the bankruptcy court, as to Glaspie's indebtedness to appellants for wages, tolled the 180-day requirement for filing a foreclosure action against the owner, appellants have no lien. We are convinced that the mandatory limit was not tolled. American was not a party to the bankruptcy proceeding of Glaspie, nor was American's

property subject to the jurisdiction of the bankruptcy court.

Appellants somehow reason that the contractor, Glaspie, was an indispensable party to an action to foreclose their liens against the owner. It is urged that since they had been stayed by the bankruptcy court from proceeding against Glaspie or his property in any fashion for wages and Glaspie was an indispensable party, they could not sue American to foreclose during the period prior to discharge on May 7, 1984. No viable authority for such a position is cited.

██ One of the premises essential to sustain such a position, even if valid otherwise, must fall. A contractor is not an indispensable party to a lien foreclosure unless the owner of the property subject to lien wants him joined. In *True v. Hi-Plains Elevator Machinery, Inc.*, Wyo., 577 P.2d 991, 1005 (1978), citing *Becker v. Hopper*, 22 Wyo 237, 138 P. 179, Ann.Cas. 1916D 1041 (1914), aff'd on reh. 23 Wyo. 209, 147 P. 1085, Ann.Cas.1918B 35 (1915), in construing the predecessor to W.S. 29-2-108 [1] substantially unchanged, this Court said that this section was incorporated in the lien laws for the owner's protection, and the owner has a clear right to insist that the contractor be made a party. The contractor is a necessary party only in the sense that the owner may require that he be made a party.

### III

██ It should be self-evident from the clear language of 11 U.S.C. § 362 (1983) that the automatic stay granted petitioners in bankruptcy is directed at only claims against the "debtor," the "property of the debtor," and the "estate" and not acts against others. This is confirmed by courts working regularly in bankruptcy matters and knowledgeable in the field.

The automatic stay provisions apply to proceedings or acts against the debtor, the debtor's property, and the property of the estate but do not apply to acts against property which is neither the debtor's nor the estate's. *Varisco v. Oroweat Food Company*, 16 B.R. 634 (1981); *Fintel v. State of Oregon*, 10 B.R. 50 (1981); *Administrator of Veterans' Affairs v. Sparkman*, 9 B.R. 359 (1981). The automatic stay does not operate to prohibit action against a co-debtor nor affect the liability of a co-debtor not in bankruptcy. *In re Van Shop, Inc.*, 8 B.R. 73 (1980). Something more than filing a bankruptcy petition must be shown in order that proceedings be stayed against nonbankrupt parties. *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena*, 10 B.R. 488 (1981). Where a pending action is not interfering with a bankruptcy, an automatic stay of such action would in no way foster the Bankruptcy Code's policy of preserving the debtor's insolvent estate for the benefit of creditors. *Holtkamp v. Littlefield*, 669 F.2d 505 (7th Cir.1982).

Since appellants untimely filed their suit for foreclosure, Glaspie was not an indispensable party, and the automatic stay under 11 U.S.C. § 362, supra, granted petitioners in bankruptcy does not stay foreclosure against the owner under either state or federal law, appellants had no lien at the time of filing their action to foreclose the lien they may have thought they had.

Affirmed.

1. W.S. 29-2-108:
   "The contractor shall defend any action brought by his employee, subcontractors hired by the contractor, their employees or by any suppliers of materials provided under contract in accordance with this chapter at his own expense. During the pendency of the action the owner or his agent may withhold from the contractor the amount of money for which a lien is filed. If judgment is rendered against the owner or his property on the lien foreclosure, he may deduct from any amount due to the contractor the amount of the judgment and costs. If the owner has paid the contractor in full he may recover from the contractor any amount paid by the owner for which the contractor was originally liable."